## PEOPLE v. CORNELL.

ON an indictment for an assault with intent to commit murder, defendant plead guilty to an assault with a deadly weapon with intent to commit bodily injury, and upon this plea, was adjudged to pay a fine of $1,200, or be imprisoned in the county jail. Defendant appeals : *Held*, that the Supreme Court has no jurisdiction of the appeal, the offense for which defendant was punished being a misdemeanor only, and not a felony.

Some offenses may be punished either as felonies or as misdemeanors, and in such cases the punishment inflicted must determine the grade of the offense, and the right of appeal depends on the nature and extent of the punishment.

APPEAL from the Court of Sessions of San Francisco.

Defendant appeals.

*A. M. Heslep*, for Appellant.

*Thos. H. Williams, Attorney General*, for Respondent, cited, on the motion to dismiss, *People* v. *Applegate*, 5 Cal. 295 ; Const. art. 6, sec. 4.

COPE, J. delivered the opinion of the Court—BALDWIN, J. concurring.

The defendant was indicted for an assault with intent to commit murder. He pleaded guilty to an assault with a deadly weapon with intent to commit bodily injury, and upon this plea he was adjudged to pay a fine of $1,200, or be imprisoned in the county jail. The Attorney General

People *v.* Cornell.

moves to dismiss the appeal, upon the ground that the offense is not a felony. The statute makes every offense a felony which is punishable with death, or by imprisonment in the State prison. There are some offenses which may be punished either as felonies or as misdemeanors, and in such cases the punishment inflicted must determine the grade of the offense. In this case, the offense might have been punished as a felony, but as this was not done, we can only regard it as a misdemeanor, and we have therefore no jurisdiction of the appeal.

Appeal dismissed.

BALDWIN, J.—I think the intent of the act giving a right of appeal in cases of felony and denying it in cases of misdemeanor, was to restrict the appeal to cases where conviction or judgment was had for the felony. The punishment adjudged must be that declared by the law for the species of crime defined by the law to be felony; that is, a sentence to confinement in the State prison, or to death. The nature and extent of the punishment fix the right of appeal, as the Legislature seems not to have considered the difficulties of the questions, but the importance of the result as entitling the parties to the appeal; and there seems to be no reason for giving an appeal merely because a felony is charged, if a party be convicted of an offense which is, in its character and punishment, really a misdemeanor. In this case, the judgment appealed from is really a judgment for a misdemeanor; for it will not do to say that the offense is necessarily a felony, because the acts charged might, under some circumstances, amount to or be punished as a felony. The assault charged here is, or is not, a felony, according to the circumstances characterizing it—the Legislature leaving the Court to consider those circumstances, and to fix the punishment, and thereby the grade of the offense. The Legislature evidently did not intend that an assault with a deadly weapon, made under circumstances of great immediate provocation and passion, when no injury was done, should incur the disgrace and disabilities of felony. In other words, this sort of assault is a felony or misdemeanor, according to the facts, and we must take the judgment of the Court affixing the punishment as determining the class to which the particular offense charged belongs.

I therefore concur in the opinion of Mr. Justice Cope.

FIELD, C. J. dissented.