## THE PEOPLE *v.* R. M. APGAR.

JURISDICTION OF SUPREME COURT.—The Supreme Court has no jurisdiction in criminal cases except such as amount to a felony. It has, therefore, no jurisdiction of an appeal where the defendant was convicted of an assault, even if he was indicted for a higher offense, amounting to a felony.

IDEM.—The jurisdiction of the Supreme Court in criminal cases, on defendant's appeal, is not to be determined by the offense charged in the indictment, but by the offense of which the defendant is convicted.

EFFECT OF CONVICTION IN CRIMINAL CASE.—A defendant indicted for an offense is indicted for every offense of a lesser grade that may be included under it, and if convicted of one of the lesser offenses, cannot, if a new trial is granted, be again tried for a higher offense than that of which he was convicted.

APPEAL from the County Court, Solano County.

The facts are stated in the opinion of the Court.

*William S. Wells,* for Appellant.

The preliminary question is made by the Attorney-General that this Court has no jurisdiction. The only case in which this point has been directly decided is *The People* v. *Cornell,* 16 Cal. 187. The Constitution gives the Supreme Court jurisdiction in all criminal cases " amounting to a felony."

In civil cases it now stands fixed by the amount of the demand, while it was formerly limited by this term: the matter in dispute must exceed two hundred dollars. It was held at an early day that the Court was strictly limited to cases of felony; but at that time no question similar to the one at bar had been raised.

The decision, then, in *People* v. *Cornell,* above referred to, was to the effect that the crime became fixed by the verdict of the jury or the sentence imposed by the Court. In the construction of the provision in regard to civil cases, it seems to have become settled that the judgment in the case is no test, but that the *ad damnum* clause of the complaint is to be taken as the test. (*Crandall* v. *Blen,* 15 Cal. 48; *Maxfield* v. *Johnson,* 30 Cal. 547.) And that such is the general rule there can be no doubt, although we find in several States the

construction has been extended in favor of appellate jurisdiction.

*The People* v. *Cornell*, we submit, justifies no different conclusion in principle; it has this element in it, that the party defendant had pleaded guilty to an offense of a lower grade than that charged in the indictment. For all that appears, the precise point was in no sense necessary to the determination of the case, but the report is too meagre to justify any conclusion upon that point; nor is it referred to in the opinions as a matter of constitutional law, but rather as arising upon the statute, and the statute hardly justifies the assumption to the extent it was made. The language of the Act gives an appeal from a judgment of the County Court in all criminal cases amounting to felony. It is not where the judgment amounts to a judgment for felony.

*Jo Hamilton, Attorney General*, for the People, cited *People* v. *Applegate*, 5 Cal. 295; *People* v. *Shear*, 7 Cal. 139; *People* v. *Vick*, 7 Cal. 165; *People* v. *Cornell*, 16 Cal. 187.

By the Court, SAWYER, C. J. :

The defendant was indicted under the statute for an assault with a deadly weapon, with an intent to inflict bodily injury, and convicted of a simple assault only. Defendant appeals, and the Attorney General moves to dismiss the appeal for the want of jurisdiction. Under the provisions of the Constitution, the Court only has jurisdiction in cases amounting to felony. (*People* v. *Applegate*, 5 Cal. 295; *People* v. *Shear*, 7 Cal. 139; *People* v. *Vick*, 7 Cal. 165.) This Court, therefore, has no jurisdiction of an appeal in a case of a simple assault, the offense for which defendant was convicted. But it is insisted, that the question of jurisdiction is to be determined by the character of the offense charged in the indictment, and not by the offense of inferior grade of which the party may be convicted. It was held otherwise in *People* v. *Cornell*, 16 Cal. 187, a case somewhat similar to this, in which

the offense might be punished either as a felony or misdemeanor. The judgment was held to determine the character of the case for the purpose of the appeal; and as the judgment was for a misdemeanor, it was held that there was no jurisdiction. In *People* v. *Gilmore*, 4 Cal. 380, the Court say: "An indictment, by operation of law, for murder, is also an indictment for manslaughter, and every less offense that may be included under the charge of murder, just as much as though it were charged in distinct and separate counts." And it was held that a conviction for manslaughter, upon an indictment for murder, was an acquittal of every offense of a higher grade than manslaughter, embraced in the indictment, and that there could not be another trial for murder; but that, upon the reversal of the judgment for manslaughter, upon the defendant's appeal, the defendant could be again tried for manslaughter, upon the same indictment in form for murder. These principles were again affirmed in *People* v. *Backus*, 5 Cal. 278. Upon the principle of these cases the defendant is acquitted of the higher offense charged, and cannot be again tried for it, so that the case, as to that offense, is wholly ended. He was only convicted of the lower offense embraced in the indictment, and, if the judgment were reversed, he could only be tried for that offense. It, therefore, follows that whatever the case may originally have been, the only case that can now, or hereafter, possibly be before the Court, is the case of a simple assault, and this does not amount to a felony.

Appeal dismissed.


RHODES, J., concurring specially:

I concur in the judgment.

SANDERSON, J., also concurring specially:

I concur in the judgment upon the authority of *The People* v. *Cornell*, 16 Cal. 187. I am disposed to follow the rule in that case, although I am not entirely satisfied with it. Upon the other questions which are incidentally noticed in the opinion of the Chief Justice, I express no opinion.