Reuben Senterfit v. The State.

1. Stock-law—Indictment.—See an indictment held defective against a stock raiser for driving his own cattle to market out of his county without leaving on record a list of the marks and brands of such cattle.

2. Verdict held defective.—A verdict, "We, the jury, find the

defendant guilty of a misdemeanor, in driving from the county of Lampasas one cow brute, and assess his fine at eighteen dollars: " *Held*, insufficient.

3. VENUE OF SUCH OFFENSE.—It seems that the offense of driving one's own cattle from the county to market, without having a list of the marks and brands of such cattle recorded, (Pas. Dig., art. 6556,) is not punishable in the county from which the cattle were driven.

4. CONSTRUCTION OF STATUTES.—The act of 22 May, 1871, "to encourage stock raising," &c., not applying to Lampasas and Travis counties, section 8 of said act (Pas. Dig., art. 6560) does not repeal art. 6556, Pas. Dig.

APPEAL from Lampasas.    Tried below before the Hon. E. B. Turner.

No brief furnished.

GOULD, ASSOCIATE JUSTICE.—The indictment in this case charges " that Reuben Senterfit, on the first day of December, A. D. 1873, did drive his own stock, raised by himself, to wit, ten cows, each of the value of ten dollars, and ten beef steers, each of the value of fifteen dollars, from the county of Lampasas, where said stock was raised, to market, and did then and there fail and refuse to procure a certified copy of his marks and brands before he drove said cows and steers to market of the said county; and said Senterfit was found in another county, to wit, Travis county, driving said cows and steers, they being animals to be sold in market; and when out of Lampasas county and in Travis county, he, said Senterfit, did not have in his possession the recorded list of his marks and brands for said animals; and that said Senterfit drove out of Lampasas county said animals to market in Travis county, Texas, without having either the clerk of the County Court or the clerk of the District Court of Lampasas county to properly record said marks and brands of said animals, in a book kept by the clerk for that purpose, and with his certificate of the record under seal attached."

There was a motion to quash said indictment, setting

up that the indictment was vague and insufficient, and that art. 6556, Pas. Dig., under which it was found, was repealed by art. 6560.

The indictment was further excepted to, on the ground that it charged an offense in Travis county, and not in Lampasas county. These motions or exceptions were overruled. The jury brought in the following verdict : " We, the jury, find the defendant guilty of a misdemeanor, in driving from the county of Lampasas one cow brute, and assess his fine at eighteen dollars." There was a motion for new trial, on the ground that the verdict was not responsive to the indictment, and did not show that defendant was found guilty of the offense charged in the indictment. This motion, if it be necessary to so treat it, may be regarded as a motion in arrest of judgment. (See Calvin v. State, 25 Tex., 795.) We think the verdict was clearly insufficient. It does not sufficiently appear that the misdemeanor of which the jury find the defendant guilty is that charged in the indictment, or that the cow which they find him guilty of driving from Lampasas county was one of his own cattle or one of those charged in the indictment.

We also think the indictment fails to charge an offense completed and punishable in Lampasas county. If the statute intended to make the offense complete when the the driving was commenced, and before the cattle were actually driven out of the county, then the averments of this indictment are not appropriate to that view of its meaning. It spoke of his driving " to market of the said county " before Travis county had been named in the indictment. This could only mean Lampasas county. It is no violation of the statute for one to drive cattle of his own raising to market in the county of his residence, and where said cattle were raised, without having in his possession a recorded list of his marks and brands.

If the offense consists in being found in Travis county

driving cattle to market in that county, which he had already driven from Lampasas county, where he resided, without having complied with the prescribed regulations, then it is clear that the offense is not complete in Lampasas county, and is not to be prosecuted there.

It is to be remembered that counsel for defendant in the court below referred to the 8th section of the act of May 22, 1871, (Pas. Dig., art. 6560,) as repealing art. 6556, under which this indictment appears to have been found. A reference to the act itself shows that it is limited in its operation to certain specified counties, and that neither Lampasas nor Travis are among those named. (See Gen. Laws, 12th Leg., 1st sess., p. 120.

The judgment is reversed and the case dismissed.

DISMISSED.