[No. 983.]

THE STATE OF NEVADA, Respondent, *v.* M. M. McCORMICK et al., Appellants.

Jurisdiction of Supreme Court—Criminal Cases—Appeal.—In construing Art. VI., sec. 4, of the constitution: *Held,* that the right of appeal in criminal cases is restricted to cases where the punishment adjudged is a sentence to confinement in the state prison, or to death.

Appeal from the District Court of the Sixth Judicial District, Eureka County.

The facts appear in the opinion.

*A. L. Fitzgerald and Thomas S. Ford,* for Appellants.

The supreme court has jurisdiction of this appeal. (*State v. Borowsky,* 11 Nev. 119.) Defendants were indicted for a felony, and convicted of a felony.

*M. A. Murphy,* Attorney-General, for Respondent.

The defendants were sentenced to be confined in the county jail, and to pay fines. The judgment of the court is to determine the character of the case for the purpose of the appeal. (*People* v. *Cornell,* 16 Cal. 187; *People* v. *Apgar,* 35 Id. 389; *People* v. *Applegate,* 5 Id. 295; *People* v. *Shear,* 7 Id. 139; *People* v. *Vick,* 7 Id. 165.)

By the Court, HAWLEY, J.:

The defendants were jointly indicted, tried and convicted of unlawfully and feloniously resorting to a certain house in Eureka, "for the purpose of indulging in the use of opium, by smoking the same," contrary to the provisions of the opium act. (Stat. 1879, 121.) They were sentenced to a term of imprisonment in the county jail, and to pay a fine.

The attorney-general moves to dismiss the appeal on the ground that this court has no jurisdiction.

The constitution provides that the " supreme court shall have appellate jurisdiction * * * in all criminal cases in which the offense charged amounts to a felony." (Art. VI. sec. 4.)

" A felony is a public offense punishable with death or by imprisonment" in the state prison. (Criminal Practice Act, sec. 3; 1 C. L. 1677.)

"Every other public offense is a misdemeanor." (Sec. 4; 1 C. L. 1678.)

The charge in the indictment is of a felony; but under the provisions of the statute the offense may be punished either as a felony or a misdemeanor.

The attorney-general contends that the punishment inflicted by the court determines the grade of the offense.

*The People* v. *Cornell*, 16 Cal. 187; and *The People* v. *Apgar*, 35 Cal. 389, are cited in support of this position. The principles decided and the conclusions reached in these cases authorize the dismissal of the appeal herein, unless, as claimed by appellant's counsel, there is a distinction to be drawn by the change of the phraseology in the constitution of the respective states that will warrant a different construction.

The constitution of California gives an appeal "in all criminal cases amounting to felony." The Nevada constitution "in all criminal cases in which the offense charged amounts to a felony."

We do not think there is any difference in the meaning of the language used.

If a defendant is indicted for grand larceny, the "offense charged amounts to a felony," but he may, under the indictment, be only convicted of petty larceny, which is a misdemeanor. Could it, in such a case, consistently be argued that because the "offense charged" in the indictment was a felony, this court had jurisdiction on appeal? We think not.

A defendant may be indicted for an assault with intent to kill, and upon trial be convicted only of an assault and battery, or simple assault. In all such cases it is clear to our minds that the judgment appealed from determines the "offense charged."

The same rule would prevail where the defendant is indicted for an assault with a deadly weapon, with an intent to inflict upon the person of another a bodily injury. If the defendant is found guilty of the offense charged in the indictment, he may, as in the case under consideration, be punished for a felony or for a misdemeanor, at the discretion of the court.

If punished as a felony, that is the "offense charged," from which an appeal may be taken. If punished as a misdemeanor, that is the "offense charged," and an appeal will not lie.

We are of the opinion that the right of appeal, under the

constitution, is restricted to cases where the punishment adjudged is a sentence to confinement in the state prison, or to death.

In this case the judgment appealed from is a misdemeanor.

The appeal is dismissed.