## A. J. ROGERS *v.* THE STATE.

1. STOCK-LAW — JURISDICTION. — Art. 778 of the Revised Penal Code defines the offence of driving cattle out of any county without the owner's consent, duly authenticated, and without first having the animals duly inspected; and by art. 209 of the Revised Code of Procedure a

prosecution may be had in either of two coterminous counties for any offence committed within four hundred yards of their common boundary. *Held*, that the offence is complete the instant the animals are driven across the county line, and may be prosecuted either in the county from or the adjoining county to which the animals were driven.

2. Same. — This case is distinguishable from *Senterfit* v. *The State*, 41 Texas, 186.

Appeal from the County Court of Lampasas.   Tried below before the Hon. W. P. Beal, County Judge.

The opinion sufficiently indicates the case.

*Abney & Abney*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

Clark, J.·  This is a prosecution by information, based upon the provisions of sect. 38 of an act entitled " An act to encourage stock-raising and for the protection of stock-raisers," approved August 23, 1876, and which section reads as follows : " Any person who shall drive any cattle or horses out of any county without the written authority of the owner thereof, duly authenticated as the law requires, and without first having the same duly inspected, shall be deemed guilty of a misdemeanor, and, on conviction, shall be fined in any sum not less than twenty dollars nor more than one hundred dollars per head for each animal so driven." Laws 1876, p. 303. The information was filed in the County Court of Lampasas County, and charged the appellant with driving a steer of a certain description out of the County of Lampasas, without the written authority of the owner thereof, duly authenticated, and without having the animal inspected — following the language of the statute. A plea to the jurisdiction of the court. was overruled, and the appellant convicted and fined $20 ; from which conviction he has prosecuted appeal.

In the case of *Senterfit* v. *The State*, 41 Texas, 186, which was a prosecution based upon sect. 2 of an act entitled " An act to regulate the sale, alienation, removal,

or transfer of animals in this State," etc., approved November 13, 1866 ( 2 Pasc. Dig., art. 6556), and which provided a penalty for any person who should be found, in any county in this State, driving any herd or animal to market without having in his possession a list or bill of sale recorded in the county where the animal belonged, it was held that the offence consisted in being found in some county other than that to which the herd or animal belonged, and such offence not being complete in the original county, was not punishable there.

The offence denounced in the statute under present consideration is wholly different, and consists, not in being found in some other county in possession of a herd or animal without the written authority of the owner and without a certificate of inspection, but in driving a herd or animal out of the county without these requisites.   The offence·is complete the instant the county line or boundary is passed, and may be prosecuted as well in the county from which the animal is driven as in the county to which it is driven, because the jurisdiction of the former county is extended, by general provision in the Code of Criminal Procedure, four hundred yards beyond the boundary line.   Pasc. Dig., art. 2659.   Under the provisions of this statute, the offence is necessarily completed within the jurisdiction of the county from which the animal is driven, and there was no error in overruling appellant's plea to the jurisdiction.

The statute upon which this conviction is based prescribes an offence complete within itself, and without reference to any other section in the act.   This offence is driving any cattle or horses out of any county without the written authority of the owner, and without first having the· same duly inspected.   Sect. 11 of the act relates to the buying or driving an animal for sale, shipment, or slaughter without procuring a bill of sale therefor from the owner.   There is no necessary connection between the two provisions, nor is either dependent upon the other.

The motion of the assistant attorney-general for rehearing is sustained, and the judgment is affirmed.

*Affirmed.*