# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

OF THE

## STATE OF NEVADA.

## APRIL TERM, 1881.

---

[No. 1,045.]

## THE STATE OF NEVADA, RESPONDENT, *v.* J. J. QUINN, APPELLANT.

ASSAULT—JURISDICTION OF SUPREME COURT ON APPEAL.—Defendant was indicted for the crime of an assault with intent to kill, and was tried and found "guilty of an assault." The judgment imposed a fine of five hundred dollars, and taxed the costs against defendant. From this judgment an appeal was taken. *Held*, that this court had no jurisdiction. Appeal dismissed. *State* v. *McCormick*, 14 Nev. 347, affirmed. (Belknap, J., dissenting.)

APPEAL from the District Court of the Second Judicial District, Washoe County.

The facts appear in the opinion.

*C. S. Varian*, for Appellant.

*M. A. Murphy*, Attorney General, for Respondent.

By the Court, HAWLEY, J.:

Appellant was indicted for the crime of an assault with intent to kill. He was tried, and found "guilty of an assault," and adjudged to pay a fine of five hundred dollars, and a judgment was also rendered against him for the costs.

(*State ex rel. Quinn* v. *District Court*, *ante*, 76.)   From this judgment an appeal is taken.   The Attorney General moves to dismiss the appeal on the ground that this court has no jurisdiction.   The principles involved in this case are the same as were presented and decided in the *State* v. *McCormick*, 14 Nev. 348.

Upon the authority of that case the appeal must be dismissed.   It is so ordered.

LEONARD, C. J., concurring:

Every person accused of a crime must be charged with that crime; but an indictment charging an offense of a higher grade, as assault with intent to kill, also charges, by operation of law, every less offense that may be included under the charge of assault with intent to kill.   (*People* v. *Apgar*, 35 Cal. 391.)   This conclusion necessarily follows, also, from the statute, because the indictment "must be direct and contain   *   *   *   the offense charged" (statute 1867, 126), and "in all cases the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment."   (Stats. 1861, 479, sec. 412.)   It follows, then, that a person charged in the indictment with assault with intent to kill, is also charged with simple assault. .

If he is convicted of simple assault, he is acquitted of all offenses of a higher grade, and stands charged and convicted of the lower offense alone, which amounts to a misdemeanor only.   I adhere, therefore, to the conclusion arrived at in *State* v. *McCormick*, 14 Nev. 348, and concur in the opinion of Mr. Justice Hawley.

BELKNAP, J., dissenting:

Appellant having been indicted for a felony and convicted of a misdemeanor, the question arises whether this court has jurisdiction of the appeal.   Jurisdiction in criminal cases is conferred by the constitution in the following language: "The supreme court shall have appellate jurisdiction   *   *   *   in all criminal cases in which the offense charged amounts to felony."   (Art. 6, sec. 4.)

In the consideration of this clause effect must be given

to the words used, and these words must be taken in their natural and well-understood sense. The word "charged," as here used, has a well-understood meaning, and refers to the indictment found. It can not refer to the judgment, for that does not embody the charge, but rather the conviction of the defendant. The intention of the constitution, as I understand it, was to give the supreme court jurisdiction in cases depending upon the importance of the charge and of the questions involved, rather than upon the result of the trial or the extent of the punishment imposed.

But whatever may have been the intention of the framers of the constitution, the clause conferring jurisdiction does not admit of judicial construction. It should be taken according to the ordinary signification of the plain language used, and, so taken, I am of opinion that the court has jurisdiction of this case.

For these reasons I dissent from the judgment of the court.