[No. 10,950. In Bank. — July 26, 1884.]

## THE PEOPLE, RESPONDENT, v. BERNARD McFADDEN, APPELLANT.

CRIMINAL LAW—ASSAULT TO MURDER—SUFFICIENCY OF INDICTMENT.—The indictment charged the defendant with the crime of an assault to murder, alleging that the defendant unlawfully and feloniously made an assault upon one Smith, and shot him with unlawful and felonious intent, and of malice aforethought, to kill and murder. *Held,* that the indictment was sufficient.

ID.—VERDICT.—Under such an indictment a verdict that "we, the jury, find the defendant guilty of an assault to murder," is sufficient.

ID.—EVIDENCE—JURY.—Whether the weapon used in an assault would have produced death is a question for the jury.

ID.—INSTRUCTION.—Where it appears from the evidence that the defendant discharged both barrels of his gun at the person assaulted, shooting him in the face and putting out one of his eyes, the court may instruct the jury that "in this case, *the assault being admitted,* you must determine from the evidence whether it was committed with the unlawful intent to kill the person assaulted."

APPEAL from a judgment of the Superior Court of Calaveras County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*W. K. Boucher,* and *E. A. Rodgers,* for Appellant.

*Attorney-General Marshall,* for Respondent.

MYRICK, J.—1. The indictment charged that the defendant was guilty "of the crime of an assault to murder, committed as

follows": then follows a statement that he unlawfully, felon-
iously, and with malice aforethought, with a deadly weapon, to
wit, a shot gun loaded with powder and shot, upon the body of
one Smith made an assault, and did shoot at and wound the said
Smith, with the unlawful and felonious intent then and there
wilfully, and of his malice aforethought, to kill and murder the
said Smith.

Objection is made that the indictment does not state any
offense greater than a misdemeanor, viz., an assault. We think
the indictment, taken together, is sufficient to charge the
greater offense.

2. The verdict returned is as follows: "*The People etc.* v.
*Barney McFadden*, we, the jury, find the defendant guilty of an
assault to murder." Signed by the foreman, and dated.

Objection is made that the verdict of guilty is limited to the
assault merely. We think the verdict sufficient. It would
have been more orderly for the court to have instructed the jury
to return a verdict in terms as set forth in section 1151 of the
Penal Code; but we think the effect of the language used is sub-
stantially sufficient. (See § 960, Pen. Code.) We do not see
that the variation has tended to the prejudice of any substantial
right of the defendant upon its merits.

3. It may have been fortunate for the person wounded that
the shot penetrated the skin only, and did not, or perhaps would
not, ordinarily have produced death at a given range; but we
apprehend that such questions are properly left to the jury to be
determined as questions of fact.

4. The court instructed the jury: "In this case, *the assault
being admitted*, you must determine from the evidence whether
it was committed with the unlawful intent to kill the person
assaulted." The defendant complains that the court in this
instruction assumed that an assault had been committed.

The defendant's bill of exceptions states that it appeared from
the evidence that the defendant discharged both barrels of his
gun at Smith, shooting him in the face and putting out his eye.
The bill settled by the judge has also the written approval of
the defendant's attorney. Under such circumstances, the point
is too trivial to require further consideration.

Judgment and order affirmed.

McKINSTRY, J., SHARPSTEIN, J., and THORNTON, J., concurred.

Rehearing denied.