[No. 2215]

## IN THE MATTER OF THE APPLICATION OF W. W. BOOTH FOR A WRIT OF HABEAS CORPUS.

[154 Pac. 933]

1. CRIMINAL LAW—TRIAL—VERDICT.

A judgment must follow and be supported by the verdict, and, if the verdict is not such as is determinative of the issues made by plea of not guilty, it is a void verdict, and the court has no jurisdiction to enter judgment thereon.

2. LIBEL AND SLANDER—OFFENSES—DEGREES.

Rev. Laws, 6428, declaring that every person convicted of libel shall be fined in a sum not exceeding $5,000 or imprisoned in the county jail not exceeding one year, or in the state prison not exceeding five years, divides the crime of libel into two offenses, one a felony, and the other a misdemeanor.

3. LIBEL AND SLANDER—OFFENSES—PROVINCE OF JURY.

Under Rev. Laws, 6428, declaring that every person convicted of libel shall be fined in a sum not exceeding $5,000, or imprisoned in the county jail not exceeding one year, or in the state prison not exceeding five years, and that the jury shall have the right to determine the law and the fact. together with section 7196, also declaring that the jury shall have the right to determine the law and the fact, the determination whether a libel is a felony or a misdemeanor is for the jury.

4. CRIMINAL LAW—TRIAL—VERDICT.

A verdict will not be held void for uncertainty if its meaning can be determined by reference to the record.

5. HABEAS CORPUS—ERRONEOUS VERDICT—DISCHARGE.

Though a verdict may be so erroneous as to warrant reversal without being entirely void, it will not authorize discharge on *habeas corpus* of one sentenced thereunder.

6. LIBEL AND SLANDER—OFFENSES—VERDICT.

Rev. Laws, 6428, declares that the punishment for libel shall be fine and imprisonment in the county jail, or imprisonment in the penitentiary, and that the jury shall be the judge

of the law and the fact. Section 7196 makes similar provision. Sections 7216 and 7218 declare that a verdict on a plea of not guilty shall be either guilty or not guilty, and that, if a crime is distinguished into degrees, the jury must find the degree, while sections 7221 and 7222 provide for the reconsideration of an informal verdict, and that no judgment of conviction shall be given unless the jury find expressly against the defendant. In a prosecution for libel the verdict was: "We, the jury, * * * find the defendant * * * guilty of a gross misdemeanor." *Held* that, as the jury were entitled to find the grade of the offense, and as the whole record might be looked to, the verdict was not so indefinite that a judgment entered thereon was void; such verdict indicating the degree of the offense of which accused was convicted.

ORIGINAL APPLICATION by W. W. Booth for a writ of *habeas corpus.* **Writ denied.**

*Platt & Sanford* and *Milton M. Detch,* for Petitioner:

The district court and the judge thereof had no jurisdiction to pronounce any sentence upon the verdict of the jury. Petitioner was put upon trial for an alleged violation of section 6428, Revised Laws, defining libel as a separate and distinct offense, and providing a punishment therefor; but the verdict of the jury found the petitioner guilty of a gross misdemeanor, which was not in response to the issues joined by the information and petitioner's plea, but was a verdict of guilty upon an entirely separate and distinct offense, for which he was not informed against. (*People* v. *Cummings,* 49 Pac. 576; *People* v. *Lee,* 237 Ill. 272; *Miles* v. *State,* 3 Tex. App. 53; *Howell* v. *State,* 10 Tex. App. 303; *Senterfit* v. *State,* 41 Tex. App. 187; *People* v. *Ah Gow,* 53 Cal. 672.)

The verdict is uncertain, in that it cannot be ascertained therefrom whether the jury intended to find the defendant guilty as charged in the information, or whether it was intended to find him guilty of some other offense, and is therefore null and void and of no legal effect.

*J. A. Sanders,* District Attorney, and *Geo. B. Thatcher,* Attorney-General, for Respondent:

The verdict of the jury was sufficient to give the court jurisdiction to pronounce the sentence. Courts disregard mere defects or irregularities such as alleged by the

petitioner in the present case. (*State* v. *Collyer*, 17 Nev. 275; *People* v. *McFadden*, 65 Cal. 445; *State* v. *Gray*, 19 Nev. 212; *People* v. *Brady*, 65 Pac. 823; *Mountain* v. *State*, 40 Ala. 346; *Conrand* v. *State*, 65 Ark. 563; *Steinberger* v. *State*, 35 Tex. Crim. 493; *Davis* v. *State*, 65 Tex. Crim. 429; *State* v. *Schweitzer*, 111 Pac. 130; *State* v. *Pierce*, 123 N. C. 745.)

An erroneous sentence or an erroneous judgment is not ground for release upon *habeas corpus*. This court will not upon *habeas corpus* review errors of law or mere irregularities which may have taken place upon the trial of a case. The writ of *habeas corpus* cannot be used to serve the purpose of an appeal or writ of error. (*Ex Parte Winston*, 9 Nev. 71; *Ex Parte Edgington*, 10 Nev. 215; *Ex Parte Crawford*, 24 Nev. 91; *Ex Parte Tani*, 29 Nev. 385; *Ex Parte Gafford*, 25 Nev. 101; *Ex Parte Twohig and Fitzgerald*, 13 Nev. 302.)

By the Court, NORCROSS, C. J.:

This is an original proceeding in *habeas corpus* presenting but one question, to wit, the jurisdiction of the court below to render the particular judgment upon which petitioner was sentenced to be confined in the county jail of Nye County.

Petitioner was proceeded against for the crime of libel under the provisions of section 163 of the crimes and punishments act (Rev. Laws, 6428), as amended by Stats. 1915, p. 423. So much of the section as involves the question presented in this proceeding reads:

"A libel is a malicious defamation. * * * Every person, * * * convicted of the offense, shall be fined in a sum not exceeding five thousand dollars, or imprisonment in the county jail not exceeding one year, or in the state prison not exceeding five years. In all prosecutions for libel * * * the jury shall have the right to determine the law and the fact."

The trial resulted in a verdict of the jury in the following form:

"We, the jury in the above-entitled cause, find the defendant, W. W. Booth, guilty of a gross misdemeanor."

Judgment was entered upon the verdict, reciting among other matters, that the verdict of the jury found the defendant "guilty of a gross misdemeanor, to wit, libel as charged in said information."

No attack is made upon the form of the judgment. It is the contention of counsel for petitioner that the judgment is not responsive to the verdict; that the verdict upon its face shows that defendant was not convicted of an offense embraced in the charge alleged in the information, and hence the court was without jurisdiction to enter judgment thereon.

It is the contention of counsel for respondent in this case that the section of our statute defining and punishing libel, by the provisions relating to punishments which may be imposed, subdivides libel into two grades or degrees, one of which is made a felony, and the other of which is made a gross misdemeanor; that it was within the province of the jury to determine the grade or degree of offense; and that the language of the verdict, when read in connection with the information and in the light of statutory provisions, was entirely proper.

**1-6.** It is a well-settled proposition of law that in a criminal case tried by jury the judgment must follow and be supported by the verdict; in other words, that if the verdict of the jury is not such as is determinative of the issues made by the plea of not guilty, it is a void verdict, and the court has no jurisdiction to enter judgment thereon. If a verdict of a jury finds a defendant guilty of an offense other than that charged in the indictment, it is clearly void, and a judgment based thereon is likewise void. The cases of *Ex Parte Dela*, 25 Nev. 346, 60 Pac. 217, 83 Am. St. Rep. 603, *Ex Parte Harris*, 8 Okl. Cr. 397, 128 Pac. 156, and *Mai* v. *People*, 224 Ill. 414, 79 N. E. 633, cited by counsel for petitioner, are based on this principle of law.

By section 366 of the criminal practice act (Rev. Laws, 7216) it is provided that:

"A verdict upon a plea of not guilty shall be either 'guilty' or 'not guilty,' which imports a conviction or acquittal of the offense charged in the indictment."

By section 368 (Rev. Laws, 7218) it is provided:

"Whenever a crime is distinguished into degrees, the jury, if they convict the defendant, must find the degree of the crime of which he is guilty."

See, also, Rev. Laws, 7244.

By section 371 (Rev. Laws, 7221) it is, among other things, provided:

"If the jury render an informal verdict, the court may direct them to reconsider it, and it shall not be recorded until it is rendered in some form from which it can be clearly understood what the intent of the jury is."

By section 372 (Rev. Laws, 7222) it is, among other things, provided:

"But no judgment of conviction can be given unless the jury find expressly against the defendant upon the issue."

It will be seen from the statute above quoted that a verdict finding a defendant "guilty," without more, is sufficient, unless the crime charged is distinguished into degrees when the degree of guilt must be found also. When such a verdict is returned, the jury may be said to have found expressly against the defendant upon the issue. It is not necessary under the statute that a verdict to be sufficient should specify the crime charged, no more than it is necessary for a defendant to specify the crime charged when entering a plea of "guilty" or "not guilty." (Rev. Laws, 7106, 7107, 7216.) A verdict of "guilty," says the statute (Rev. Laws, 7216), "imports a conviction or acquittal of the offense charged in the indictment."

In determining the effect of the words "of a gross misdemeanor" following the word "guilty" in the verdict it will be necessary to determine the nature of the crime of libel. It is one of the few crimes to be found in our statutes which may be punished either as a felony or as a gross misdemeanor.

In the case of *State* v. *McCormick*, 14 Nev. 347, this court dismissed an appeal from a judgment imposing a jail sentence upon the ground that this court had no jurisdiction upon an appeal in a criminal case unless the same amounted to a felony. The statute under which the defendant was convicted in the McCormick case

provided that upon conviction the defendant should "be punished by fine not exceeding one thousand dollars, or by imprisonment not exceeding two years, or by both such fine and imprisonment, as the court shall adjudge, and, if such imprisonment shall be for a period exceeding six months, the same shall be in the state's prison." (Stats. 1879, p. 121.) Referring to the provisions of this statute, this court, speaking through Hawley, J., said:

"The charge in the indictment is of a felony; but under the provisions of the statute the offense may be punished either as a felony or a misdemeanor. The attorney-general contends that the punishment inflicted by the court determines the grade of the offense. *People* v. *Cornell*, 16 Cal. 187, and *People* v. *Apgar*, 35 Cal. 389, are cited in support of this position. The principles decided and the conclusion reached in these cases authorize the dismissal of the appeal herein. * * *

"If punished as a felony, that is the 'offense charged,' from which an appeal may be taken. If punished as a misdemeanor, that is the 'offense charged,' and an appeal will not lie."

The doctrine of the McCormick case was again affirmed by this court in *State* v. *Quinn*, 16 Nev. 89. In the case of *People* v. *Cornell*, 16 Cal. 187, cited by this court in the McCormick case, the Supreme Court of California uses this expression:

"In other words, this sort of assault is a felony or misdemeanor, according to the facts, and we must take the judgment of the court affixing the punishment as determining the class to which the particular offense charged belongs."

The Apgar case, in 35 Cal. 389, cited *supra*, affirms the decision of the court in *People* v. *Cornell*, *supra*.

In the case of *Gandy* v. *State*, 10 Neb. 243, 4 N. W. 1019, the Supreme Court of Nebraska also adopted the rule in the Cornell case. The court in the Gandy case, among other things, said:

"Besides, if it were intended by section 5441 to enable the court, in affixing the punishment for a given offense, in its discretion to consider it either as a felony or as a

mere misdemeanor, then we think the rule adopted by the supreme court  *  *  *  in the case of *People* v. *Cornell,* 16 Cal. 187, should be applied, viz:    That the punishment actually inflicted must determine the grade of that offense.    This rule certainly has the merit of being both just and humane."

In the Gandy case the Nebraska court was considering the question whether a defendant convicted of an offense punishable both as a felony and as a misdemeanor, the judgment entered being as for a misdemeanor, could be said to have lost his civil rights which follows upon conviction for a felony.    The court held in the Gandy case that such civil rights were not forfeited.

It is contended by counsel for the petitioner that the McCormick and Quinn cases have no bearing upon the question of the jurisdiction of the court to pass sentence upon the verdict rendered in the case at bar.    It is true that those cases were determining the ultimate question of the jurisdiction of this court under the constitutional provisions limiting the right of appeal to this court to cases of felony.    But, in order to hold this court to be without such jurisdiction, it was necessary to hold as a preliminary proposition that the respective statutes "charged" two grades of offenses.    The language of the California court in the Cornell case was also quoted with approval to the effect that the respective crime charged was "according to the facts."    We think there is no other construction to be placed upon these decisions than a holding that in a crime providing for punishments of the character prescribed in our libel statute an indictment or information charges two grades of the same offense, one a felony, and one a gross misdemeanor.

Relative to the contention of counsel for the state that libel is distinguished into degrees, little authority can be found.    Cyc. says:

"In criminal law the term [degree] denotes a particular grade of crime more or less culpable than another grade of the same offense."    (13 Cyc. 766, citing Rapalje & L. L. Dict.)

The courts seem never to have had occasion to consider

whether a statute like the one in question should be regarded as distinguished into degrees, and hence a duty imposed upon the jury to determine the particular degree. So far as the definition given is concerned, it is as applicable to a statute of the character in question as it would be if that statute divided the crime into first and second degrees, and punished the former as a felony, and the latter as a gross misdemeanor. The precise determination of the question here, however, we think unnecessary, in view of the law peculiar to prosecutions for criminal libel. Whether a certain libel is a felony or a misdemeanor is either a question of law or a question of fact, and it is the province of the jury to determine both these questions. (Rev. Laws, 6428, 7196.) It is therefore proper, if not essential, that the jury in libel cases determine not only the guilt but the degree or grade of guilt.

If the verdict in this case had been "guilty of libel of the grade or degree of a gross misdemeanor," we can hardly see where there could be room to question its sufficiency. It is contended, however, that, because many offenses come within the class of gross misdemeanor, it cannot be ascertained from the verdict in question what gross misdemeanor was intended. If in determining the sufficiency of a verdict courts must look exclusively to the verdict, there would be much force in the contention of counsel for petitioner. A verdict of "guilty," which our statute says is sufficient in cases other than those divisible into degrees, by itself would be unintelligible, but reference may be had to the indictment or information in making up the judgment.

It is well settled, at least by the weight of modern authority, that a verdict will not be held void for uncertainty if its meaning can be determined by reference to the record, particularly the indictment or information. (*People* v. *Tierney*, 250 Ill. 515, 95 N. E. 447; *Mai* v. *People*, 224 Ill. 418, 79 N. E. 633; *Donovan* v. *People*, 215 Ill. 523, 74 N. E. 772; *State* v. *Gregory*, 153 N. C. 646, 69 S. E. 674; *State* v. *Braden*, 78 Kan. 576, 96 Pac. 840; *Ex Parte McLean*,

84 Kan. 852, 115 Pac. 647, 35 L. R. A. n. s. 653; *Arnold* v. *State*, 51 Ga. 144; *Doolittle* v. *State*, 93 Ind. 272; *Burgess* v. *State*, 33 Tex. Cr. R. 9, 24 S. W. 286; *Howell* v. *State*, 10 Tex. App. 298; *Hoback* v. *Com.*, 28 Grat. 922; *Washington* v. *State*, 55 Fla. 194, 46 South. 417; *Albritton* v. *State*, 54 Fla. 6, 44 South. 745; *Bunch* v. *State*, 58 Fla. 9, 50 South. 534, 138 Am. St. Rep. 91; *State* v. *DeWitt*, 186 Mo. 61, 84 S. W. 956; *State* v. *Grossman*, 214 Mo. 233, 113 S.W. 1074; *State* v. *Jefferson*, 120 La. 116, 44 South. 1004; *Hines* v. *State*, 48 Tex. Cr. R. 24, 85 S. W. 1057; *People* v. *Holmes*, 118 Cal. 444, 50 Pac. 675; 12 Cyc. 690.)

In *People* v. *Tierney, supra,* the Supreme Court of the State of Illinois said:

"A verdict is not to be construed with the same strictness as an indictment, but it is to be liberally construed, and all reasonable intendments will be indulged in its support, and it will not be held insufficient, unless, from necessity, there is doubt as to its meaning. (*People* v. *Lee*, 237 Ill. 272, 86 N. E. 573.) The rule is that, in determining the sufficiency of a verdict, and a judgment of conviction based thereon, the entire record will be searched, and all parts of the record interpreted together, and a deficiency at one place may be cured by what appears at another. (*People* v. *Murphy*, 188 Ill. 144, 58 N. E. 984.) Under the habitual criminals act it was only necessary to set out in the indictment the former conviction of the plaintiff in error in apt words, which it is conceded was done in this case, and, as the evidence heard upon the trial is not incorporated into the record, this court clearly is bound to presume, in consideration of the verdict of the jury finding the plaintiff in error guilty, and the judgment of conviction based thereon, that the trial court confined the evidence to the issues involved upon the trial, and that the finding of the jury that the plaintiff in error had been 'convicted of robbery and had served a term in the penitentiary of this state for such offense,' referred to the previous robbery charged in the first paragraph of the second count of the indictment, and not to some other robbery which was entirely

foreign to the issues involved in the trial of the case then on hearing before the court and jury."

In *Ex Parte McLean, supra,* the Kansas Supreme Court said:

"A verdict of guilty, which can apply to but one of the offenses or degrees charged in the information sufficiently complies with the statute requiring a specification of the degree, although its language may also fit other offenses or degrees that are not included in the charge. * * *

"There are manifest reasons why a judgment should be required to be complete in itself that do not apply in the case of a verdict—why the same fullness of expression is not required in the verdict, upon which the court itself is to act, as in the judgment, under which the penalty of the law is to be inflicted. Here the court interpreted the verdict in the light of the information, and found that the defendant had been convicted of that kind of grand larceny the extreme penalty for which is confinement for five years. This finding was recited in the judgment, which ordered a punishment in accordance therewith."

In *Arnold* v. *State, supra,* the Supreme Court of the State of Georgia said:

"Verdicts are to have a reasonable intendment and to receive a reasonable construction, and are not to be set aside unless from necessity. (Code, 3561; *Wood* v. *McGuire,* 17 Ga. 361, 63 Am. Dec. 246; *Gardner* v. *Kersey,* 39 Ga. 664, 99 Am. Dec. 484.) And this is the general spirit of the code, as well as the expression of the more universal tendency of jurisprudence towards freedom from that slavish adherence to technical nicety which is the reproach of the common law."

In *Burgess* v. *State, supra,* the Texas Court of Criminal Appeals, referring to the verdict under consideration in that case, said:

"The verdict of the jury, when considered in connection with the charge in the indictment, and instructions given by the court to the jury, is not vague, but is very certain."

Upon the subject of verdicts generally the following excerpt from Bishop's New Criminal Law, vol. 1, sec. 1005, is instructive:

"The language of the verdict, being that of 'lay people,' need not follow the strict rules of pleading, or be otherwise technical. Whatever conveys the idea to the common understanding will suffice. And all fair intendments will be made to support it."

This is substantially our statutory requirement, quoted *supra*, that the verdict be "rendered in some form from which it can be clearly understood what the intent of the jury is."

This case, in some of its features, presents a somewhat novel situation and it has been necessary to determine it upon an application of established legal principles without the aid of precedents precisely in point. We have very carefully considered the numerous citations of respective counsel, a few of which only it will be profitable to refer to specially. In considering these cases, it is important to bear in mind that, with but two exceptions, they were all upon appeal or writ of error, where the province of the court is quite different than upon *habeas corpus*, where the question is confined to one of jurisdiction. A verdict may be so erroneous as to warrant a reversal, but not so erroneous as to be entirely void. In most instances the cases do not expressly decide whether the particular verdict was held void or merely erroneous.

The cases cited may be regarded as falling within certain general classifications. Those holding that a verdict for an offense different from that charged in the indictment is void have already been alluded to (see citations *supra*). This case is clearly not within that class; for the words "gross misdemeanor" do not describe a particular or generic offense, but define simply a general class or grade of offense, determined by the limit fixed by law upon the punishment which may be imposed. (Rev. Laws, 6266.)

Another class of cases cited deals with verdicts finding a defendant guilty of certain specified acts, omitting certain other acts charged which are essential to a complete

offense. The following cases cited are within this class: *Webber* v. *State*, 10 Mo. 5; *Donovan* v. *People*, 215 Ill. 520, 74 N. E. 772; *People* v. *Lee*, 237 Ill. 272, 86 N. E. 573. Cases within this class are clearly not in point in the case at bar. Besides, such verdicts are not aided by a reference to the record.

Cases cited which may be classified as holding verdicts too vague, indefinite, uncertain, or inconsistent to support the judgment are the following: *Sharff* v. *Comm.*, 2 Bin. (Pa.) 514; *Miles* v. *State*, 3 Tex. App. 58; *Howell* v. *State*, 10 Tex. App. 298; *Senterfit* v. *State*, 41 Tex. 188; *Com.* v. *Smith*, 2 Va. Cas. 327; *State* v. *Weeks*, 23 Or. 3, 34 Pac. 1095; *People* v. *Ah Gow*, 53 Cal. 627; *People* v. *Tilley*, 135 Cal. 61, 67 Pac. 42; *Wells* v. *State*, 116 Ga. 87, 42 S. E. 390. If the verdict in the case at bar is invalid, it is because it is within this classification. Many of the cases cited and included in this classification were decided at a time when courts held technicalities in higher reverence than comports with modern jurisprudence.

The Sharff case, *supra* (decided in 1810), holding that the court could not say from a verdict that the defendant is "guilty of writing a bill of scandal" that it found him guilty of the offense for which he was indicted, because "*a* bill is very different from *the* bill," is cited in support of the contention that the verdict in this case, "guilty of a gross misdemeanor," is indefinite, as not showing what one of numerous gross misdemeanors in our statutes was intended. In the Sharff case the court was of the opinion:

"It would be extending liberality to an unwarrantable length to confound the articles 'a' and 'the.'"

If the indictment had charged two separate bills of scandal, there might now be considered force in this decision, but it only charged one. Under the modern rule of interpreting verdicts by a reference to the charge in the indictment or information, this citation is only of historical value. A more modern authority, *People* v. *McFadden*, 65 Cal. 446, 4 Pac. 421, determined a verdict, "guilty of an assault to murder," sufficient. See, also, 1 Corpus Juris, 1.

In the case of *Howell* v. *State*, 10 Tex. App. 298, a verdict finding the defendant "guilty of a misdemeanor" was

held insufficient upon authority of the case of *Senterfit* v. *State*, 41 Tex. 188. In the latter case the verdict read:

"We, the jury, find the defendant guilty of a misdemeanor in driving from the county of Lampasas one cow brute, and assess his fine at $18."

The court said:

"We think the verdict was clearly insufficient. It does not sufficiently appear that the misdemeanor of which the jury find the defendant guilty is that charged in the indictment, or that the cow which they find him guilty of driving from Lampasas County was one of his own cattle or one of those charged in the indictment."

It is difficult from the entire opinion to determine to what extent this opinion is in point, but, assuming it to be in point, it is the only case cited, other than the Sharff case, *supra,* which might be regarded as supporting the contention of counsel for petitioner. Some of the early Texas cases (this case was decided in 1874) may be classed as quite technical. As late as 1883, in *Wooldridge* v. *State,* 13 Tex. App. 443, 44 Am. Rep. 708, the court held a verdict reading "guilty of murder in the first degree" insufficient and remanded the case for a new trial. There is ample modern authority for holding that an apparent misspelling of a word does not vitiate a verdict.

In *Miles* v. *State,* 3 Tex. App. 58 (decided in 1877), the indictment charged the theft of hides of the value of $24. The verdict was "guilty of felony." It would appear from the opinion in this case that to constitute theft a felony the jury must find the value of the property stolen to be of a value of more than $20. The opinion does not specifically criticize the use of the word "felony" in the judgment. The opinion concludes:

"For the reason that the verdict does not specifically find the accused guilty of the theft of property of the value of $20 or over, the judgment must be reversed, and the cause remanded for a new trial."

In *Wells* v. *State, supra,* the court was considering a verdict reading "guilty of misdemeanor," returned upon an indictment charging "hog-stealing." The statute made

the offense a felony, but it was provided that in such cases, if the jury made a recommendation that the offense be punished as a misdemeanor, the presiding judge, if he approved the recommendation, could impose sentence as for a misdemeanor. The court held that, under this statute, the jury could not reduce the offense to a misdemeanor even by a recommendation that punishment be imposed as such. "It is clear," says the court, "that the jury * * * could not legally find the accused guilty of a misdemeanor." The statute in question in the Wells case is essentially different from that involved in the case at bar. Under the Georgia statute the jury was held to have no power other than to find a verdict of guilty with or without a recommendation, and that the presiding judge had no option to punish as for a misdemeanor in the absence of such recommendation and its approval.

The Wells case, *supra,* is referred to in *Smith* v. *State,* 117 Ga. 16, 43 S. E. 440, where a verdict "guilty of misdemeanor" was also returned. The following excerpt from the opinion in the Smith case is instructive:

"In that case [referring to the Wells case] the charge against the accused was a felony, and the only lawful verdicts which could have been found were guilty, or not guilty, or guilty with a recommendation that the accused be punished as for a misdemeanor. For this reason that case in not absolutely binding as authority in the present case. The presentment in the present case, as will appear from the statement of facts, was of such a character that there could have been any one of five verdicts rendered thereon, a general verdict of guilty, which would have resulted in the accused being punished as for a felony, a special verdict of guilty, with a recommendation that the accused be punished as for a misdemeanor, a verdict of guilty of larceny from the house, a verdict of guilty of simple larceny, and a general verdict of not guilty. Verdicts are to have a reasonable intendment, should receive a reasonable construction, and are not to be avoided except from necessity. (Civil Code, sec. 5352.) Can this rule be so applied in the present case as to show with reasonable certainty what was intended by the jury as

their finding? It is clear, of course, that the jury intended to convict the accused of something; but of what? Did they intend to convict him of the felony and recommend that he be punished as for a misdemeanor? Or did they intend to convict him of larceny from the house, or of simple larceny? Let it be conceded that the jury intended to acquit the accused of the felony, and convict him of one of the misdemeanors charged in the presentment. Even if we reach this point, it is impossible to tell from the verdict which misdemeanor it was to apply to. It will not do to say that this is immaterial, even if the punishment, both as to penalty and costs, in each case would be the same. The judge has a discretion in regard to the punishment to be inflicted, and the accused is entitled to have the verdict specify the particular offense of which he has been guilty, in order that the judge may take this into consideration in imposing sentence. A lighter punishment might have been inflicted had the conviction been for simple larceny than for larceny from the house. Under such a verdict it is a mere matter of speculation as to what was intended; and the only proper direction to give the case is to arrest the judgment."

There is some inference at least in the decision in the Smith case that, had the charge embraced but one misdemeanor instead of two misdemeanors, the verdict would not have been held insufficient.

In none of the cases cited has it been held that the verdicts were void or defective merely because of the wording "guilty of felony," "guilty of misdemeanor," or "guilty of a misdemeanor," as the case may be, merely because of the use of the words "felony" or "misdemeanor," except possibly the Texas court in the Senterfit case, *supra*, intended to hold that the use of the indefinite article "a" in connection with the word "misdemeanor" rendered the verdict too indefinite, the same as was held by the early Pennsylvania court in the Sharff case heretofore considered. If so, that case is not in accord with the modern Texas doctrine of construing verdicts, mentioned in the Burgess case, *supra*.

Two cases cited by counsel for respondent, may be referred to as illustrative of verdicts containing language apparently qualifying the verdict, but rejected by the court upon a reference to the instructions given in the respective cases, as meaningless or surplusage. In *Territory* v. *Muniz*, 17 N. M. 131, 124 Pac. 340, a verdict reading, "guilty of manslaughter, 3 degree," was held a good verdict for manslaughter, the expression "3 degree" being rejected as meaningless, there being no degrees in manslaughter. In *People* v. *Holmes*, 118 Cal. 444, 50 Pac. 675, cited *supra*, a verdict in part reading, "find a verdict of 'involuntary manslaughter,' 'not a felony,' as charged and laid down by the court under the head of involuntary manslaughter," was held a good verdict for manslaughter, the inconsistent words "not a felony" being rejected "as surplusage."

It is suggested by counsel for respondent that these cases are authority for holding the words "of a gross misdemeanor" surplusage in this case, in the event it is determined this use was improper. In the view we take of the verdict, it is unnecessary to consider this suggestion.

Considering the verdict in connection with the information and the law governing the crime of criminal libel, we are not warranted, we think, in holding it void. When reference is had to the information, it is "in form from which it can be clearly understood what the intent of the jury is." (Rev. Laws, 7221, quoted *supra*.) It was the province of the jury to determine the grade of the offense "according to the facts" (*People* v. *Cornell, supra*), and this is what the jury clearly intended to do by the use of the words "of a gross misdemeanor." If we are permitted to refer to the record filed on the part of the state, it would appear therefrom that this verdict was precisely in accordance with the instructions given. But, even if that record is not properly before us, and we are not prepared to say that it is not, the rule that all intendments and presumptions must be indulged in in favor of a judgment upon collateral attack is applicable here.

As expressed in authorities cited *supra* (*People* v. *Tierney*; Bishop's New Criminal Law), verdicts are not construed with the same strictness as an indictment or information. This court, in *State* v. *Lovelace*, 29 Nev. 43, 83 Pac. 330, in considering the rule governing the interpretation of indictments, after quoting the statutory provisions governing indictments, said:

"The foregoing enactments show that it was the intention of the legislature of Nevada that in construing indictments the courts should not indulge in a too exact and overnice view of language, but that certainty to a common intent was all that should be required.   *   *   * The sections of the statute above quoted show the legislative intent was that the courts of the state should give interpretations liberal to sustain rather than rigid to overthrow indictments, when   *   *   *   substantial rights of defendants are not thereby prejudiced."

In *State* v. *Hughes*, 31 Nev. 270, 102 Pac. 562, this court, in considering an indictment, questioned for the first time upon an appeal, said:

"It will not be held insufficient to support the judgment, unless it is so defective that by no construction, within the reasonable limits of the language used, can it be said to charge the offense for which the defendant was convicted."

Also in *State* v. *Raymond*, 34 Nev. 203, 117 Pac. 17, this court said:

"It has been the tendency of courts in recent years to be less technical than formerly in construing indictments, especially so where no demurrer was interposed to the indictment and an opportunity afforded to cure the defect prior to trial."

See, also, *State* v. *Kruger*, 34 Nev. 302, 122 Pac. 483; Rev. Laws, 7302, 7469.

We have considered the important questions of law presented, and reviewed some of the authorities cited, as well as others, at considerable length, because some of the questions are of original impression and establish a precedent in this court.

While it has been held by former decisions of this court that an appeal will not lie except in cases of felony, it may be worthy of note here that a similar provision in the first constitution of California was changed by the constitution of 1879, so as to permit appeals in all cases prosecuted by indictment or information.

As the verdict is not void, the judgment was not in excess of jurisdiction. Therefore it is ordered that petitioner surrender himself into the custody of the sheriff of Nye County in pursuance of the judgment from the confinement upon which he was released upon bail pending the hearing on this proceeding, and that upon his so surrendering himself his bail be exonerated.