## 2458.  BARBOUR *v.* THE STATE.

A verdict is to be given a reasonable intendment, and, when ambiguous,
may be construed in the light of the issues actually submitted to the
jury under the charge of the court; and if, when so construed, it ex-
presses with reasonable certainty a finding supported by the evidence,
it is to be upheld as legal.

DECIDED JULY 5, 1910.

Accusation of misdemeanor; from city court of Savannah—Judge
Freeman. January 8, 1910.

*Robert L. Colding,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* contra.

POWELL, J. The accusation contained four counts. The first
charged the sale of liquor; the second, the giving away of liquor to
induce trade; the third, the keeping and furnishing of liquor at a
public place; the fourth, the keeping on hand of liquor at the de-
fendant's place of business. These counts, though set out in sep-
arate paragraphs, were not numbered. On the trial, and before the
introduction of any of the testimony, State's counsel abandoned
the second and third counts as they are set out above, and the jury
were informed that no testimony would be submitted under these
counts. The court, in his instructions to the jury, told them that
the State had abandoned the charges as to giving away liquor, and
as to keeping it at a public place, and further instructed them that
only two counts of the accusation remained in issue before them,—

the one charging the sale, the other the keeping on hand at the defendant's place of business. The judge did not refer to these various counts by numbers, but by subject-matter. However, in instructing the jury as to the charges in issue before them, he always spoke first of the count charging the sale, and then of the count charging the keeping on hand. The verdict was in the following form: "We, the jury, find the defendant, Andrew Barbour, guilty on the second count." Primarily, such a verdict would be construed as finding the defendant guilty of the offense charged in the count of the accusation which came second in order as originally set out. If the counts had been actually numbered, this would probably have been the only fair construction. But as the counts were not numbered, and as the count which came second in order in the accusation as drawn had been formally abandoned by State's counsel, and as the jurors did not have this count before them for consideration, the expression, "second count," as used in the verdict, manifestly referred to the second count that was submitted to them by the judge. A verdict is to be given reasonable intendment, and, when ambiguous, may be construed in the light of the issues actually submitted to the jury under the charge of the court; and if, when so construed, it expresses with reasonable certainty a finding supported by the evidence, it is to be upheld as legal. Penal Code, § 1033; *Arnold* v. *State*, 51 *Ga.* 144; *Wilson* v. *State*, 62 *Ga.* 167; *Dennard* v. *State*, 2 *Ga.* 137; *Martin* v. *State*, 25 *Ga.* 494; *Cook* v. *State*, 26 *Ga.* 593 (6), 602; *Walston* v. *State*, 54 *Ga.* 242; *Bernhard* v. *State*, 76 *Ga.* 613 (1); *Thurmond* v. *State*, 55 *Ga.* 599.

*Judgment affirmed.   Russell, J., dissents.*