### 17898. JORDAN *v.* THE STATE.

1. The verdict finding the accused guilty of making intoxicating liquor and fixing a "maximum" penalty of one year, and a "minimum" penalty of one and a half years, and recommending that he be punished as for a misdemeanor, was not void, and the court did not err in sending back the jury to correct the informality in the verdict, and did not err in overruling the motion to declare a mistrial.

Criminal Law, 16 C. J. p. 1114, n. 42, 43, 45; p. 1180, n. 74.
Intoxicating Liquors, 33 C. J. p. 758, n. 80.

2. The evidence amply authorized the defendant's conviction, and the court properly overruled the motion for a new trial.

DECIDED APRIL 12, 1927.

Making intoxicating liquor; from Bryan superior court—Judge Sheppard.  December 30, 1926.

*Henry O. Farr,* for plaintiff in error.

*J. Saxton Daniel, solicitor-general, J. T. Grice, solicitor-general,* contra.

BLOODWORTH, J.  A jury which tried a case in which the accused was charged with "manufacturing whisky," returned a verdict as follows: "We, the jury find the defendant guilty as charged, and fix a maximum penalty of one year and a minimum penalty of one and one half years, and recommend that he be punished as for a misdemeanor."  When this verdict was published the presiding judge told the jury that they would have to go back and rewrite their verdict, and again instructed them as to the form of the verdict.  Thereupon counsel for the plaintiff in error made a motion for a mistrial upon the ground that this verdict was a nullity, was not "susceptible to amendment," did not fix a minimum and maximum penalty as provided by law, and that the jury "was instructed and advised by the clerk of said court as to the form of their verdict."  The court did not err in failing to declare a mistrial.  In overruling the motion for a mistrial the court said: "I have already instructed them and then reinstructed them (the jury) as to what the legal form was, and, the verdict not being in proper form, instructed them that they must return to their room and prepare the verdict in legal form, and that, the clerk here having a paper on which there was a legal form, with the permission of the court he submitted that to the jury, and at the direction of the court, as being a proper and legal form."  The record further shows that the form furnished the jury by the clerk at the direction of the court left a blank space for the period of service of the defendant to be entered by the jury.

"Verdicts are to have a reasonable intendment and are to receive a reasonable construction, and are not to be avoided unless from necessity."  Penal Code (1910), § 1059.  Who could read the verdict as originally rendered without reaching the conclusion that the jury intended to fix the minimum term as one year and the maximum as one and one half years?  Is not this a "reasonable

construction"? Moreover, when a verdict is ambiguous it "may be construed in the light of the issues actually submitted to the jury under the charge of the court; and if, when so construed, it expresses with reasonable certainty a finding supported by the evidence, it is to be upheld as legal." *Barbour* v. *State,* 8 *Ga. App.* 27 (68 S. E. 458), and cit. See *Arnold* v. *State,* 51 *Ga.* 144, 145. Even had the judge the right to declare a mistrial when a void verdict is rendered, the original verdict in this case is not a void one. The judge did not err when he sent the jury back, as was his duty, to correct a mere informality in the verdict, nor did he err in overruling the motion to declare a mistrial. *Loyd* v. *State,* 150 *Ga.* 803 (8, 10) (105 S. E. 465); *Giles* v. *Spinks,* 64 *Ga.* 205; *Monk-Sloan Supply Co.* v. *Quitman Oil Co.,* 10 *Ga. App.* 390 (73 S. E. 522).

 *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*