Couch vs. The State.

28 367
90 453

## COUCH *vs.* THE STATE.

To complete the offence of uttering a forged paper, it must be pub-
lished *as true*, when the party knows it to be fraudulent; and with
intent to injure somebody. And if the jury fail to find this, their
verdict is a nullity, upon which no judgment can be awarded but one
of acquittal.

Indictment for Forgery, in Gwinnett Superior Court.
Tried before Judge HUTCHINS, at March Term, 1859.

Chancy Couch, the plaintiff in error, was indicted and
tried for forgery. The jury found the following verdict:
" We, the jury, find the defendant guilty of publishing
and passing the receipt in question, knowing it to be a
forgery—but we recommend him to mercy."

Whereupon, counsel for the prisoner moved in arrest of
judgment upon the following grounds:

1st. Because the verdict does not find the defendant

guilty of any crime or offence for which judgment or sentence can be pronounced against him.

2nd. Because the verdict is a *special* and not a general verdict, and therefore illegal, and no judgment can be pronounced thereon.

The court overruled the motion, and defendant excepted.

Hull & Hillyer, and Overby, by T. R. R. Cobb, for plaintiff.

S. P. Thurmond, Sol. Gen., for the State.

*By the Court.*—Lumpkin, J., delivering the opinion.

Did the jury in this case find the defendant guilty of any offence; and could judgment have been awarded by the court? The defendant was indicted for passing a forged receipt; and the jury found him guilty of passing the receipt, knowing it to be forged. But to complete the offence the Code requires not only that the accused should pass the receipt, knowing it to be forged, but, also, that he must pass it "*as true;*" and "with intent to defraud" somebody. And is not this reasonable and right? If the defendant passes the paper as a forged instrument, and with no intent to injure any one, whether seriously or in jest, should he be convicted of a crime and imprisoned in the Penitentiary from four to ten years?

Had the jury found the prisoner guilty generally, or guilty of forgery, the verdict would have been good, and the court would have punished him for the highest offence charged in either of the four counts in the indictment. Or if their verdict had made reference to or been connected with the indictment. or any of the counts thereof, it might have stood. As it is, it is a nullity, and no judgment can be awarded upon it. It may be that they did not believe that he passed this receipt as true, or if they

did so believe that it was not the intention of the accused to injure anybody. They do recommend him to mercy.

The fault in the case, if there be any, was in not refusing to receive this verdict when it was brought into court; and compelling the jury either to convict or acquit the defendant of the charges in the indictment. Whether intended or not, their finding, by falling short of a conviction of any offence, amounting to an acquittal.

Judgment reversed.