## WELLS v. THE STATE.

1. Where by consent the jury in a criminal case, after agreeing upon their finding, dispersed, and thereafter returned into court a verdict which was too uncertain or indefinite to support a judgment, it was beyond the power of the court to order this verdict to be so amended as to cure the defects therein. Any action by the court in attempting to thus amend such a verdict should be treated as a mere nullity.

2. Where, upon an indictment charging the offense of simple larceny by stealing a hog, a verdict in these words was rendered, " We, the jury, find the defendant guilty of misdemeanor," it was erroneous to overrule a motion in arrest of judgment.

Submitted July 21,—Decided August 7, 1902.

Indictment for larceny.  Before Judge Evans.  Washington superior court.  June 6, 1902.

In the briefs were cited Penal Code, § 1033, and cases referred to thereunder.

T. W. Hardwick, for plaintiff in error.
B. T. Rawlings, solicitor-general, contra.

FISH, J.  On the trial of Set Wells under an indictment charging him with hog-stealing, after the argument was concluded and

the charge given to the jury, and when the court was about to take a recess for the night, counsel for both sides consented that the jury should disperse after agreeing upon a verdict, and that the foreman should return the verdict into court the next morning.    A verdict was agreed upon during the night, and the jury then dispersed. The next morning a verdict in the following words was rendered: " We, the jury, find the defendant guilty of misdemeanor."    Thereupon the court, over the objection of the accused, passed the following order : " Counsel for the defendant consented that the jury in the above case might disperse after agreement on a verdict, and the jury did disperse pursuant to this agreement.    When the jury came into court they rendered the following verdict, endorsed on the bill of indictment: ' We, the jury, find the defendant guilty of misdemeanor.    T. J. Brooks, Sr., Foreman,' and the said foreman stated, at the time the verdict was published, that the intent of the verdict was to find the defendant guilty and to recommend that the penalty be reduced to a misdemeanor.    It is therefore ordered that said verdict be amended in accordance therewith."    Judgment was entered upon the verdict as amended, and the accused sentenced as for a misdemeanor.    He moved in arrest of judgment, upon the ground that there was no legal verdict against him upon which judgment could be entered.    The motion was overruled, and the accused excepted.

Under the Code of 1882, §§ 4399, 4401, hog-stealing was punishable as a misdemeanor, when the jury trying the case recommended the prisoner to mercy.    In such event the judge was obliged to follow the jury's recommendation and to impose a misdemeanor punishment.    Such, however, is no longer the law since the adoption of the Code of 1895.    The Penal Code, § 163, declares: " The punishment of hog-stealing shall be as prescribed in section 161 for the offense of cattle-stealing."    Section 161 is: " The stealing of one or more animals falling under the above description of cattle shall be punished by imprisonment in the penitentiary not less than two nor more than four years."    Section 1036 of that code provides that all felonies, with certain specified exceptions, among which hog-stealing is not mentioned, " shall be punished by imprisonment and labor in the penitentiary for the terms set forth in the several sections in this code prescribing the punishment of such offenses; but on the recommendation of the jury trying the case,

when such recommendation is approved by the judge presiding on the trial, said crimes shall be punished as misdemeanors. If the judge trying the case sees proper, he may, in his punishment, reduce such felonies to misdemeanors." It appears, therefore, that hog-stealing is now a felony, and that the jury finding one accused of such offense guilty can not reduce it to a misdemeanor by a recommendation to mercy. The jury may, however, as we have seen, recommend that the prisoner be punished as for a misdemeanor, but such recommendation has no effect unless it be approved by the presiding judge. It is clear that the jury trying the present case could not legally find the accused guilty of a misdemeanor. The charge against him was a felony, and the verdict was bound to be one or the other of the general verdicts of guilty or not guilty, or a special verdict of guilty with a recommendation for misdemeanor punishment. The verdict as originally written was none of these, and, if not a mere nullity, was manifestly too uncertain and indefinite to support a judgment. The judgment, however, was entered upon the verdict as amended. Was that a legal verdict? We think not. While a verdict may be amended in mere matter of form after the jury rendering it have dispersed, the verdict can not, after such dispersal, by amendment be essentially changed. The amendment in the present case sought to make a substantial change in the verdict as it originally appeared. A verdict finding the accused, who was on trial for a specified felony, guilty of a misdemeanor generally — which was not permissible — was sought to be changed to one finding him guilty of the felony charged, with recommendation that a misdemeanor punishment be imposed. This could not legally be done. What the foreman said as to the intent of the verdict could not authorize the amendment sought to be made; for when the verdict was agreed on and the jury dispersed the trial was, in effect, at an end (*Smith* v. *State*, 59 *Ga.* 513), and the jury was functus officio. The verdict as amended was not the verdict found by the jury, and no valid judgment could be entered upon it. The court, therefore, erred in overruling the motion in arrest of judgment.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*