## SMITH v. THE STATE.

1. In order to relieve the plaintiff in error from the payment of costs in this court, it is necessary that a proper pauper affidavit shall be filed with the clerk of the trial court before the bill of exceptions and transcript of the record are transmitted to this court. No excuse will avail in case of failure to file the pauper affidavit before this time, and under no circumstances is this court authorized to receive the affidavit upon the call of the case here.
2. A verdict in these words: "We, the jury, find the defendant guilty of misdemeanor," upon a presentment for burglary, the allegations of which are sufficient to authorize a conviction for either larceny from the house or simple larceny, was so vague and uncertain that no legal judgment could be rendered thereon, and it was erroneous to overrule a motion in arrest of judgment.

Argued January 19, — Decided February 6, 1903.

Indictment for burglary.   Before Judge Gober.   Cobb superior court.   November 28, 1902.

*Charles H. Griffin* and *William Attaway*, for plaintiff in error.
*B. F. Simpson, solicitor-general,* contra.

COBB, J.  The accused was placed on trial, charged with the offense of burglary.  The presentment charged that he broke and entered a storehouse, " with the intent to commit a larceny therein, the said intent being then and there one dollar in money, of the value of one dollar, forty cents in money, of the value of forty cents, and one cent in money, of the value of one cent, the personal goods and private property of one John Butler, wrongfully, fraudulently, and privately to take and carry away with intent to steal the same, and did then and there wrongfully, fraudulently, and privately take and carry away from said storehouse, with intent to steal the same, contrary to the laws," etc.   The jury returned the following verdict:  " We, the jury, find the defendant guilty of misdemeanor."   The accused made a motion in arrest of judgment, upon several grounds, among them being that the verdict was so uncertain that no legal sentence could be pronounced thereon, and that the same was a nullity.   This motion was overruled, and the accused excepted.

1.  When this case was reached in its order, attention was called to the fact that the costs had not been paid and that no pauper affidavit appeared in the record.   Counsel for plaintiff in error then moved to be allowed to file a pauper affidavit, accompanying this motion with evidence showing that, after the motion in arrest of judgment had been overruled and before the bill of exceptions was filed, counsel had prepared a pauper affidavit for their client to sign ; that it had been sent to a convict camp at which the accused was then serving the sentence imposed in this case ; that the affidavit was not returned to them until after the bill of exceptions and record had been transmitted to this court ; and that the failure to return it sooner was not due to the fault of the accused or his counsel.   The constitution declares that " plaintiffs in error shall not be required to pay costs in [the Supreme Court] when the usual pauper oath is filed in the court below."   Civil Code, § 5881.   Rule 14 of this court provides that a certified copy of the pauper affidavit must be " transmitted to this court with

and as a part of the transcript of the record, or, if no transcript is required, with the bill of exceptions." Civil Code, § 5613. See *Thorpe* v. *State*, 92 *Ga.* 470 (2); *Jenkins* v. *State*, *Id.* 470; *Whatley* v. *Ry. Co.*, 104 *Ga.* 764. The constitution requires that the pauper affidavit shall be filed in the court below, and of course it must be filed before that court loses jurisdiction of the case; and after the record has been transmitted to this court the superior court has no further jurisdiction in the matter. It is imperatively necessary that the pauper affidavit shall be filed with the clerk of the trial court before the transcript and the bill of exceptions leave his office, as the affidavit must come to this court as a part of the transcript, or, if no transcript is required, with the bill of exceptions. No excuse will avail the excepting party or his counsel for a failure to file the affidavit with the clerk of the trial court before the time just referred to. Under no circumstances can a pauper affidavit be received except as a part of the transcript or accompanying the bill of exceptions from the office of the clerk of the trial court.

2. In *Wells* v. *State*, 116 *Ga.* 87, it was held that a verdict in the following words: " We, the jury, find the defendant guilty of a misdemeanor," upon an indictment for hog-stealing, was not a valid verdict, and no legal judgment could be based thereon, and that it was therefore erroneous to overrule a motion in arrest of judgment. In that case the charge against the accused was a felony and the only lawful verdicts which could have been found were, guilty, or not guilty, or guilty with a recommendation that the accused be punished as for a misdemeanor. For this reason that case is not absolutely binding as authority in the present case. The presentment in the present case, as will appear from the statement of facts, was of such a character that there could have been any one of five verdicts rendered thereon, a general verdict of guilty, which would have resulted in the accused being punished as for a felony, a special verdict of guilty, with a recommendation that the accused be punished as for a misdemeanor, a verdict of guilty of larceny from the house, a verdict of guilty of simple larceny, and a general verdict of not guilty. Verdicts are to have a reasonable intendment, should receive a reasonable construction, and are not to be avoided except from necessity. Civil Code, § 5332. Can this rule be so applied in the present case as

to show with reasonable certainty what was intended by the jury as their finding? It is clear, of course, that the jury intended to convict the accused of something; but of what? Did they intend to convict him of the felony and recommend that he be punished as for a misdemeanor? Or did they intend to convict him of larcency from the house, or of simple larceny? Let it be conceded that the jury intended to acquit the accused of the felony, and convict him of one of the misdemeanors charged in the presentment. Even if we reach this point, it is impossible to tell from the verdict which misdemeanor it was to apply to. It will not do to say that this is immaterial, even if the punishment, both as to penalty and costs, in each case would be the same. The judge has a discretion in regard to the punishment to be inflicted, and the accused is entitled to have the verdict specify the particular offense of which he has been guilty, in order that the judge may take this into consideration in imposing sentence. A lighter punishment might have been inflicted had the conviction been for simple larceny than for larcency from the house. Under such a verdict it is a mere matter of speculation as to what was intended; and the only proper direction to give the case is to arrest the judgment.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*