### 4034.   EZZARD *v.* THE STATE.

1. Where one is tried under an indictment for forging a deed and uttering the forged paper as true with fraudulent intent, a verdict finding the accused guilty "of uttering and publishing said deed" is a mere nullity, and amounts in law to an acquittal.
2. Where a verdict in a criminal case is in legal effect an acquittal, the accused can not be again tried for the same offense, even though a new trial be granted upon his own motion. The exception in the bill of rights which prevents a plea of former jeopardy, where a new trial has been obtained at the instance of the defendant, applies only where there has been a conviction.
3. The judgment of conviction being void on its face, a motion in arrest of judgment was the proper remedy; but, since the court should declare void a judgment which is a mere nullity, whenever the matter is regularly brought to its attention, direction will be given that a judgment be entered discharging the defendant and declaring the judgment of conviction void and of no effect.
DECIDED APRIL 2, 1912.

Indictment for forgery; from Fulton superior court—Judge Roan. January 27, 1912.

*F. A. Quillian, Moore & Branch,* for plaintiff in error.
*Hugh M. Dorsey, solicitor-general, E. A. Stephens,* contra.

POTTLE, J. The indictment was for fraudulently making and forging a deed to real estate, and uttering and publishing the deed as true, with fraudulent intent. The verdict was: "We, the jury, find the defendant guilty of uttering and publishing said deed. We further recommend to treat as a misdemeanor." Judgment of conviction was duly entered upon the verdict, and a misdemeanor sentence imposed. During the term a motion for a new trial was made. At a subsequent term, and while the motion for a new trial was pending, the accused filed a motion to set aside the judgment of conviction, upon the ground that the legal effect of the verdict was an acquittal. Both motions came on for a hearing at

the same time, when a new trial was granted and the motion to set aside overruled. The latter judgment is brought to this court for review.

1. The point as to the validity and effect of the verdict is controlled by the decisions of the Supreme Court in *Couch* v. *State,* 28 *Ga.* 367, and *Stephens* v. *State,* 56 *Ga.* 605. In the first case the verdict was: "We, the jury, find the defendant guilty of publishing and passing the receipt in question, knowing it to be a forgery—but we recommend him to mercy." It was held that the verdict was a nullity, and amounted to an acquittal, since it failed to find that the paper was published as true and with fraudulent intent. In the *Stephens* case the verdict was "guilty of passing a forged order, knowing it to be such," and the same ruling was made. See, also, *O'Connell* v. *State,* 55 *Ga.* 191. These decisions are authoritative and conclusive, and it may, therefore, be taken as settled that the verdict against the present plaintiff in error was a nullity, and in legal contemplation amounted to an acquittal of the offense charged in the indictment.

2. Both State's counsel, in their brief, and the trial judge in his order recognize the applicability of these decisions; but they hold that the motion to set aside was properly overruled upon the authority of *Williams* v. *State,* 121 *Ga.* 579 (49 S. E. 689), where it was held: "Where one convicted of a criminal offense made a motion in arrest of judgment and a motion for a new trial, and insisted upon both motions, it was not error for the judge, over objection of the movant, to first hear and decide the motion for new trial, though the filing of the motion in arrest was prior to the filing of the motion for new trial. And where, under such circumstances, a new trial was granted, it was not error to then dismiss the motion in arrest, as the effect of the grant of the new trial was to set aside the judgment." In that case two were indicted jointly for murder, as principals in the first degree. The jury found one "guilty of voluntary manslaughter, as principal in the second degree." The motion in arrest was upon the ground, not that the verdict was on its face a nullity, but that the indictment did not charge the defendant as a principal in the second degree. The verdict was not a nullity, and the Supreme Court did not rule that it was a nullity. There being no difference in punishment between principals in the first and second degrees (Penal Code (1910), § 43), no distinction between them need have been made

in the indictment. *Leonard* v. *State,* 77 *Ga.* 764; *McWhorter* v. *State,* 118 *Ga.* 55 (44 S. E. 873). The verdict in the *Williams* case was probably good even under the indictment in that case; but, without reference to this, the Supreme Court decided simply that as the accused, upon his motion for a new trial, had gotten rid of a verdict which was valid on its face, he could not also thereafter have set aside the judgment entered upon the verdict. This was necessarily so, because when the verdict fell, the judgment went with it. The situation is very different here. The verdict was in legal effect an acquittal, and the motion for a new trial was itself a nullity, just as much so as if the jury had in terms said, "We, the jury, find the defendant not guilty." If such a verdict had been returned and a judgment of conviction entered, it would shock both lawyer and layman to hold that by causing a new trial to be granted, the defendant estopped himself from claiming that he had been acquitted by the verdict.

3. Technically, the present motion to set aside, filed after the term, can not be maintained, because a motion in arrest, filed during the term, was the proper medium through which to search for errors appearing on the face of the record. But the real purpose of the motion is to obtain judicial sanction for the contention that the verdict is a nullity. Where a judgment or verdict is absolutely void on its face, courts are not over-technical in reference to the means by which or the time when their attention is called to the infirmity. A defendant should never be deprived of his liberty under a verdict which in effect amounts to an acquittal. But we can reach the right result without in anywise disturbing rules of practice. We will affirm the judgment, but at the same time direct that when the remittitur is filed in the trial court, a judgment be entered discharging the plaintiff in error from custody, upon the ground that the verdict rendered against him amounted to an acquittal of the crime charged in the indictment, and that when entered, such a judgment shall operate as a bar to any further trial of the accused under that indictment. The exception in the bill of rights, that one accused of crime may be more than once tried for the same offense, when the verdict is set aside on his own motion, applies only where he has obtained a new trial "after conviction." Where he has been acquitted, he can not lawfully be again tried for the same offense, even on his own motion.

*Judgment affirmed, with direction.*