### 5863. RAPER v. THE STATE.

1. "To complete the offense of uttering a forged paper, it must not only be published as true when the party knows it to be fraudulent, but also with intent to injure some one." *Stephens* v. *State*, 56 *Ga.* 605.

2. Where one is on trial under an indictment containing two counts, in one of which he is charged with making and forging a certain writing and receipt with intent to defraud the State of Georgia and certain persons named, and in the other with the offense of forgery in uttering and publishing as true this false and fraudulent writing and receipt, knowing the same to be falsely and fraudulently made, with the intent to defraud the State of Georgia and persons named, it is error to instruct the jury that any person who shall utter or publish as true the false, fraudulent, forged, altered, or counterfeited receipt shall be punished by imprisonment and labor in the penitentiary, etc., without further instructing the jury to the effect that to authorize a conviction of this offense, the defendant must have uttered and published the paper as true, knowing it to be fraudulent, and with intent to injure some one,—in this case the State of Georgia or certain persons named in the indictment.

3. Where the law as to the burden on the State, to convince the jury of the guilt of the accused beyond a reasonable doubt, is given in charge by the judge in such manner as to apply to the whole case and include every feature of it, it is not necessary that he shall repeat such instr

tions in connection with each reference he makes to the different elements constituting the crime charged, or in connection with each reference to different counts in the indictment, or in connection with each contention of the State or the accused, or in connection with each reference made to evidence adduced at the trial.

DECIDED MARCH 18, 1915.

Indictment for forgery; from Whitfield superior court—Judge Fite. June 10, 1914.

*William E. Mann*, for plaintiff in error..

*Sam P. Maddox, solicitor-general*, contra.

WADE, J.  J. W. Raper was indicted in two counts, the first of which charged the offense of forgery, in that he did, on a day named, "unlawfully and with force and arms falsely and fraudulently make and forge a certain writing and receipt, which said writing and receipt is in the following words and figures, to wit, that is to say: 'Received of J. W. Raper $11.72, to be credited on tax receipt, February 7, 1913, J. H. Smith;' with intent to defraud the State of Georgia and with intent to defraud Whitfield county, and with intent to defraud the estate of J. H. Smith, and with intent to defraud the securities upon the bond given by J. H. Smith, as tax-collector of Whitfield county [naming the said securities], contrary to the laws of said State," etc.  The second count charged the accused with the offense of forgery, for that he did, on a day named, "unlawfully and with force and arms utter and publish as true the following false and fraudulent writing and receipt, knowing the same to be falsely and fraudulently made, said writing and receipt being in the following words and figures, to wit, that is to say: 'Received of J. W. Raper $11.72, to be credited on tax receipt, February 7, 1913, J. H. Smith;' with intent to defraud the State of Georgia, the county of Whitfield, the estate of J. H. Smith, and the securities on the bond of J. H. Smith, as tax-collector of Whitfield county," naming the said securities.  The first count was based on section 231 of the Penal Code, and the precise provisions on which it was based are as follows: "Whoever, with intent to defraud the State or any person, shall falsely and fraudulently make, forge, alter, or counterfeit, . . (6) any deed, will, testament, acquittance, or receipt, . . shall be punished by imprisonment and labor in the penitentiary," etc.  Section 232, on which the second count was based, is as follows: "If any person shall utter or publish as true any of the false, fraudulent,

forged, altered, or counterfeited matters mentioned in the preceding section, or any indorsement or assignment of any bond, writing obligatory, bill of exchange, promissory note, or order for money or goods or other thing of value, with intent to defraud the State, public officers, courts, or persons authorized as aforesaid, or any other person, knowing the same to be falsely and fraudulently made, forged, altered, or counterfeited, he shall be punished by imprisonment and labor in the penitentiary," etc. The jury returned a general verdict of guilty, with a recommendation to the mercy of the court. The defendant made a motion for a new trial, and to the judgment overruling the motion he excepted. There was evidence tending to establish the guilt of the defendant under both counts, and also evidence tending to show that no forgery had been committed; and since there was sufficient evidence to support the verdict, it is unnecessary to recite or discuss the testimony.

The court charged the jury as follows: "There are two counts in this bill of indictment. One charges the defendant with forging a certain tax-receipt, and the other charges him with uttering as true the receipt alleged to be forged, knowing it to be a forged receipt." In the motion for a new trial it is alleged that this charge is erroneous, (a) because it was too limited and narrow, in that it "made the first count complete if the receipt was simply a forged receipt," and failed to tell the jury that it must appear that the receipt was signed with intent to defraud some one,—that is, the State or persons named in the indictment; (b) because the assertion made by the court as to the second count, that "the other charges him with uttering as true the receipt alleged to be forged, knowing it to be a forged receipt," amounted to an expression of an opinion that the receipt was in fact forged; (c) because it eliminated from the second count, as it did from the first count, the essential idea that the act charged must have been done with intent to defraud some one, either the State or the persons mentioned in the indictment; (d) because it submitted merely the question whether the receipt set out in the indictment was forged, and authorized the jury to find the accused guilty on either the first or the second count irrespective of intent to defraud any one; and (e) because it was "not the law." It appears, from an examination of the entire charge of the court, that the excerpt complained of in this ground of the motion amounted to no more than a gen-

eral statement by the court that the defendant was indicted under two counts, one charging him with forging a receipt, and the other with uttering as true the receipt alleged to be forged, knowing it to be a forged instrument. There was no attempt, at this point, to define to the jury the crime of forgery, or to explain to them what was necessary to constitute forgery, or to constitute the offense of uttering a forged instrument. Later in the charge the court attempted to instruct the jury specifically as to the essential elements which must be shown by the prosecution, in order to warrant the conviction of the defendant under either count in the indictment. We think, therefore, that it is enough to say as to this ground that it is without substantial merit for any of the reasons assigned.

In the next ground of the motion for a new trial it is contended that the court erred in charging as follows: "The defendant denies the alleged forgery, but admits having gotten the receipt, but says it was not a forgery. Therefore he pleads not guilty to the charge, and the charge and the plea make the issue for you to try and determine by your verdict." This instruction is excepted to on the idea that it eliminates everything from the case except the question whether or not the receipt was forged, without reference to whether there was fraudulent intent on the part of the accused. We think that what was said as to the preceding ground of the motion for a new trial applies equally here. There was no request in writing for any more specific instruction, and the court later in the charge gave a definition of forgery, and sought to inform the jury as to the elements required to convict under either count.

In the 3d ground of the amendment to the motion for a new trial it is contended that the court erred in charging the jury as follows: "This is as to the second count: If any person shall utter or publish as true any of the false, fraudulent, forged, altered or counterfeited matters mentioned in the preceding section, he shall be punished by labor in the penitentiary for not less than four nor longer than ten years." The ground of exception to the instruction is that it excludes from consideration the necessity for determining whether the defendant had knowledge of the false, fraudulent, or counterfeit character of the instrument, and also the intent with which the paper was uttered, and fails to instruct the jury that the uttering must be with intent to defraud some one,

either the State or some of the persons mentioned in the bill of indictment. From an examination of the entire charge it appears that this was the only specific instruction given as to what was necessary to constitute the crime of forgery by uttering and publishing as true the false, fraudulent, forged, altered, or counterfeited writing referred to in the indictment. Section 232 of the Penal Code, which is quoted above, itself declares that the crime of uttering forged certificates, etc., is committed where such "false, fraudulent, forged, altered, or counterfeited matters" mentioned in section 231 are uttered or published as true "with intent to defraud the State, public officers, courts, or persons authorized as aforesaid, or any other person, knowing the same to be so falsely and fraudulently made, forged, altered, or counterfeited." It is apparent that the exception taken to this excerpt from the charge of the court is well founded, since the intent in uttering is not elsewhere referred to in the charge, and the excerpt complained of nowhere suggests that an intent to defraud the State or some person named in the indictment must be inferred by the jury from the facts or circumstances in proof, before a verdict finding the defendant guilty would be authorized; nor is there in this excerpt or elsewhere in the charge any suggestion that the defendant must have knowledge that the instrument in question was falsely and fraudulently made, forged, altered, or counterfeited. The indictment charges the crime as defined by the statute, but this excerpt authorized the jury to convict the defendant if they should find that he had uttered or published as true the false, forged, altered, or counterfeited instrument, regardless of what his intention may have been, and regardless of whether he uttered the false instrument in the utmost good faith, believing it to be genuine.

In the case of *Ezzard* v. *State,* 11 *Ga. App.* 30 (74 S. E. 551), this court held that a verdict finding a defendant "guilty of publishing and passing the receipt in question, knowing it to be a forgery," was a mere nullity. In *Stephens* v. *State,* 56 *Ga.* 604, the Supreme Court said: "To complete the offense of uttering a forged paper, it must not only be published as true when the party knows it to be fraudulent, but also with intent to injure some one." In *Couch* v. *State,* 28 *Ga.* 367, it was held that "to complete the offense of uttering a forged paper, it must be published *as true,*

when the party knows it to be fraudulent; and with intent to injure somebody. And if the jury failed to find this, their verdict is a nullity, upon which no judgment can be awarded but one of acquittal." In that case the defendant was indicted for passing a forged paper, and the jury found him guilty of passing a receipt, knowing it to be forged. The court said: "To complete the offense the code requires not only that the accused should pass the receipt, knowing it to be forged, but, also, that he must pass it '*as true,*' and 'with intent to defraud' somebody. And is not this reasonable and right? If the defendant passes the paper as a forged instrument, and with no intent to injure any one, whether seriously or in jest, should he be convicted of a crime and imprisoned in the penitentiary from four to ten years?" If a verdict finding one guilty of the offense of uttering a forged paper is a mere nullity, as held in the *Couch* case, supra, where the jury fail to find that the defendant published the forged paper as true, knowing it to be fraudulent, and with the intent to defraud some one, it follows as a logical conclusion that in failing to instruct the jury that in order to establish guilt under a count charging the accused with uttering or publishing as true the false, fraudulent, forged, altered, or counterfeited instrument, an intent to defraud the State or the persons named in the indictment must be shown, and that it must appear that the defendant uttered or published the fraudulent instrument knowing the same to be fraudulently made, altered or counterfeited, the judge eliminated from the consideration of the jury two of the necessary elements constituting the offense as defined by the statute. Since it appears that nowhere else in the charge was this error corrected or a precise and correct definition given of the offense of forgery by uttering or publishing a false, fraudulent, or counterfeited instrument, it must be conceded that the error was material, for it deprived the jury of the right to consider the intent prompting the accused to utter the fraudulent instrument, and authorized them to convict the defendant without first determining from the evidence that the uttering or publishing had been with knowledge on his part.

It is complained that the court erred in failing to instruct the jury that before they could convict the defendant on the first count in the indictment, they must believe, beyond a reasonable doubt, that the receipt was falsely and fraudulently made, with intent to

defraud some of the persons named in the bill of indictment. The next ground raises the same point as to the instruction in regard to the second count in the indictment. As to both of these grounds it is sufficient to say that it was not necessary that instructions on reasonable doubt should be given specifically as to each item of evidence adduced, or as to each element involved in the crime as charged in the two counts of the indictment, or as to each count in the indictment itself; for the court gave a general instruction to the jury to the effect that they were not authorized to convict the defendant unless they found him guilty as alleged in the indictment, beyond a reasonable doubt, and in that connection fully and correctly instructed them on the law as to reasonable doubt.

It is complained that the court erred in charging the jury as follows: "As to the evidence of good character, I charge you, that is a substantive fact you may consider along with the other evidence in the case. I charge you that when the guilt of the defendant is made to appear to the satisfaction of the jury, it would be your duty to convict him, regardless of the character he may bear, but the jury has a right to consider his good character not merely when his guilt is doubtful under the other evidence in the case, but when such testimony of good character may itself generate a doubt of the defendant's guilt." It is contended that this was error (a) because it authorized the jury to convict the defendant if his guilt appeared to their satisfaction and not to the exclusion of a reasonable doubt; (b) because the jury were not thereby instructed that it was their duty to consider the evidence as to the good character of the defendant, while at the same time instructing them that if his guilt appeared to their satisfaction, it would be their duty to convict him regardless of the character he bore; and it is insisted that the language used as to the duty of the jury to the defendant was not as favorable to him as to the State. It is insisted in the next ground that the court erred in the following charge: "Now, gentlemen, you take all the facts and circumstances proven in the case, along with the statement of the defendant, giving it such weight as you think proper, and also with the record evidence you will have out with you; consider it all together and determine whether or not the defendant be guilty, either on the first count or second count, or either, as you may determine the facts." It is alleged that this instruction excluded from the

jury all consideration of the evidence as to the good character of the defendant. It is enough to say in regard to these last two grounds of the motion for a new trial that the reference to the duty of the jury to convict, and the inaccuracy in instructing the jury that they might convict if the guilt of the accused is made to appear to their "satisfaction," regardless of his character, are doubtless mere accidental verbal errors which will be corrected on the next trial.

For the reasons assigned in the discussion of the 3d ground of the amendment to the motion for a new trial, the judgment refusing the motion for a new trial is reversed.

*Judgment reversed. Broyles, J., not presiding.*