*W. A. Dampier,* for plaintiff in error.

*J. S. Adams* and *R. Earl Camp,* contra.

---

## FOX *et al. v.* THE STATE.

A question of the jurisdiction of the State court to try and punish one accused of crime is not raised under the usual general grounds of a motion for a new trial, complaining that the verdict is contrary to evidence, contrary to law, and without evidence to support it.
No. 2081. NOVEMBER 11, 1920.

Question certified by Court of Appeals (Case No. 11455).

*H. A. Allen,* for plaintiffs in error.

*John A. Boykin, solicitor-general,* and *E. A. Stephens,* contra.

HILL, J. The Court of Appeals certified to this court for determination the following question: "The defendants were convicted in the superior court of Fulton County, Georgia, of the

43

offense of car-breaking. The indictment (leaving out the formal parts) charged the defendants with 'the offense of car-breaking, for that said accused, in the County of Fulton and State of Georgia, on the 15th day of December, 1919, with force and arms, did break and enter the freight-car known as C. & G. W. 19038, same being the property of the Chicago & Northwestern Railroad, a corporation, and being at the time in the custody, possession, and control of the Seaboard Air-Line Railroad, a corporation, said car containing valuable goods, wares, and merchandise, and after breaking and entering as aforesaid, with intent to steal, did take, steal, and carry away, with intent to steal the same, four cases of Chesterfield cigarettes of the value of three hundred twenty dollars, and the property of Walker D. Hines, Director-General of Railroads, operating the Seaboard Air-Line Railroad, contrary to the laws of the said State, the good order, peace, and dignity thereof.' No demurrer to the indictment, or plea to the jurisdiction, was filed, and, subsequently to the verdict and judgment, no motion in arrest of judgment was made. Upon the trial the evidence showed not only a breaking of the car but the actual stealing therefrom of the goods described in the indictment. The motion for a new trial contained only the usual general grounds, and was overruled; and to that judgment the defendants excepted. The only question argued in the brief of counsel for the plaintiff in error (and the record does not disclose that it was specifically raised in the trial court) is that the United States courts had exclusive jurisdiction of the offense of which the defendants were convicted, and therefore that the verdict and judgment in the superior court of Fulton county were contrary to law and the evidence, and were mere nullities. Under these circumstances should this court reverse the judgment of the lower court in overruling the motion for a new trial, and hold that under the facts of the case the United States courts had exclusive jurisdiction of the offense, and that the judgment of conviction in the State court was a mere nullity? "

It will be observed from the statement of facts accompanying the question propounded by the Court of Appeals that no demurrer to the indictment, or plea to the jurisdiction, was filed in the court below, and no ruling was had thereon, nor was there a motion made in arrest of judgment subsequently to the verdict

and judgment in the court below. A motion for new trial was made merely upon the usual grounds, and no specific assignment of error was made upon the verdict and judgment as being a nullity on its face. But under the general ground that the verdict is contrary to law, it is argued that the verdict and judgment are void for the reason that the . court below was without jurisdiction to try the case. It is argued that the language of section 11 of the Federal control act of March 21, 1918, confers exclusive jurisdiction upon the Federal courts for the stealing . of property in the course of transportation on a railroad operated under Federal control. See Kambeitz v. United States, 262 Fed. 378. And that, inasmuch as there is nothing in the Federal act to indicate that the State courts have concurrent jurisdiction with the Federal courts, the indictment, trial, and conviction of the defendants in the instant case were absolute nullities. Counsel for the plaintiffs in error cites, in support of his contention, the case of *Ezzard* v. *State,* 11 *Ga. App.* 30 (74 S. E. 551), wherein it was held: " The judgment of conviction being void on its face, a motion in arrest of judgment was the proper remedy; but, since the court should declare void a judgment which is a mere nullity, whenever the matter is regularly brought to its attention, direction will be given that a judgment be entered discharging the defendant and declaring the judgment of conviction void and of no effect." But in that case a motion to set aside the verdict was made in the court below, and was overruled. The *Ezzard* case, therefore, is not in point, and the sole question for decision here is whether the point can be made for the first time in the Court of Appeals. Neither the Court of Appeals nor the Supreme Court has original jurisdiction. They are both courts of review for the correction of errors of law committed in the trial court; and unless error is assigned upon some ruling of law by the trial court, the Court of Appeals is without jurisdiction to pass upon the question raised. It is true that the plaintiffs in error insist that the question is raised under the general ground that the " verdict is contrary to law," but no specific error .is pointed out as having been committed by the trial judge in the court below, and the assignment as made is too general to cover the question. In the case of *Patterson* v. *Bank of Alapaha,* 148 *Ga.* 356 (96 S. E. 863), it was held: " A constitutional question not raised

and passed upon by the trial court will not be considered when made for the first time in the appellate court." We think that the principle there ruled is controlling here, and therefore that the question propounded by the Court of Appeals must be answered in the negative. See also *Joiner* v. *State,* 133 *Ga.* 433 (2) (66 S. E. 251); *Hall* v. *State,* 121 *Ga.* 141 (48 S. E. 903); *Mayor &c. of Griffin* v. *Johnson,* 84 *Ga.* 279 (6), 283 (10 S. E. 719).

*All the Justices concur.*