## 11455.  FOX et al. v. THE STATE.

The question as to the jurisdiction of the State court to try and punish one accused of crime is not raised under the usual general grounds of a motion for a new trial, complaining that the verdict is contrary to evidence, contrary to law, and without evidence to support it. And such a question will not be considered when made for the first time in this court.

DECIDED DECEMBER 15, 1920.

Indictment for breaking railroad-car; from Fulton superior court — Judge Humphries.  March 27, 1920.

The defendants were convicted in the superior court of Fulton county, Georgia, of the offense of car-breaking. The indictment charged the defendants with " the offense of car-breaking, for that said accused, in the county of Fulton and State of Georgia, on the 15th day of December, 1919, with force and arms, did break and enter the freight-car known as C. & G. W. 19038, same being the property of the Chicago & Northwestern Railroad, a corporation, and being at the time in the custody, possession, and control of the Seaboard Air-Line Railroad, a corporation, said car containing valuable goods, wares, and merchandise, and after breaking and entering as aforesaid, with intent to steal, did take, steal, and carry away, with intent to steal the same, four cases of Chesterfield cigarettes of the value of three hundred twenty dollars, and the property of Walker D. Hines, Director-General of Railroads operating the Seaboard Air-Line Railroad, contrary to the laws of the said State, the good order, peace, and dignity thereof." No demurrer to the indictment, or plea to the jurisdiction, was filed, and, subsequently to the verdict and judgment, no motion in arrest of judgment was made. Upon the trial the evidence showed not only a breaking of the car but the actual stealing therefrom of the goods described in the indictment. The motion for a new trial contained only the usual general grounds, and was overruled; and to that judgment the defendants excepted. The only question argued in the brief of counsel for the plaintiff in error (and the record does not disclose that it was specifically raised in the trial court) is that the United States courts had exclusive jurisdiction of the offense of which the defendants were convicted, and therefore that the verdict and judgment in the superior court of Fulton county were contrary to law and the evidence and were mere nullities.

*H. A. Allen,* for plaintiff in error..

*John A. Boylkin, solicitor-general, E. A. Stephens,* contra.

BROYLES, C. J. (After stating the foregoing facts.) To a certified question from this court the Supreme Court answered, in substance, that the question as to the jurisdiction of the trial court was not raised in that court by the usual general grounds of the motion for a new trial, and that it could not be considered when made for the first time in this court. See full opinion of the Supreme Court, 150 *Ga.* 673 (104 S. E. 361). It follows from what

has been said that this court cannot hold that the lower court erred in overruling the motion for a new trial.

*Judgment affirmed.  Luke and Bloodworth, JJ., concur.*