11956.   PAYNE, agent, *v.* CHESHIRE.

1. The court did not err in excluding from the jury " the testimony of Mr. Walker and Mr. Woodall in so far as anything they may have said tended to bear on the question of the unusual congestion of freight."
2. The writ of certiorari lies for the correction of errors committed by the trial court. Accordingly, this court will not consider any question not passed upon by the trial court but raised for the first time in the briefs of counsel for the plaintiff in error in this court.

DECIDED JULY 28, 1921.

Certiorari; from Fulton superior court — Judge George L. Bell. October 27, 1920.

T. J. Cheshire brought suit in the municipal court of Atlanta against Walter B. Hines, director general of railroads. When Federal control was terminated, under the provisions of the transportation act of 1920, John Barton Payne, as Federal agent, automatically became the defendant. The petition alleged, that on May 7, 1918, there was delivered to the defendant's agents at Norfolk, Va., for the purpose of transportation to Atlanta, Ga., thirty cases of fresh cakes which were consigned to the plaintiff, and that he was damaged by the negligence of the agents of defendant, in that the cakes "were not delivered to plaintiff in Atlanta until the 16th day of May, 1918, and, when they were delivered, such cakes of bakery goods were badly spoiled and deteriorated, and largely unmerchantable; to the damage and injury of petitioner in the sum of $281.12." This amount was arrived at by deducting the salvage from the invoice price of the goods. The defendant denied liability. On the trial of the case the plaintiff introduced a bill of lading issued May 7, 1918 (on which was endorsed "too late for to-day's forwarding"), and a way-bill "from Portsmouth, dated May 8th, 1918, showing that the car was received at Howells (near Atlanta) at 2:50 a. m., Sunday, May 12th, and that it was placed at Spring street (Atlanta) at 3 a. m., May 15th, and was delivered by Morrow Transfer Company on May 17th." The plaintiff showed also that the cakes when delivered at Norfolk were in good condition, but that when they were delivered to him in Atlanta they "were moldy and were not fit for human consumption," and were sold for hog feed. The defendant sought to show that the delay was caused "by an accident to another freight train," and "on account of all available power being used to handle troops," and the consequent congestion of freight resulting from these causes. After excluding certain evidence, the court directed a verdict for the plaintiff. To these rulings the defendant excepted.

*Lovick G. Fortson, Randolph & Parker,* for plaintiff in error.

*Charles E. Cotterill, Joseph H. Ross,* contra.

BLOODWORTH, J. (After stating the foregoing facts.)

1. In the condition in which we find the record in this case we cannot say that there is any merit in the exception that the court erred in excluding from the jury "the testimony of Mr. Walker and Mr. Woodall in so far as anything they may have

said tended to bear on the question of unusual congestion of freight," the objection urged thereto being that "the defendant has failed to couple it up, or to show that it was accidental, or that they had no opportunity to foresee it, or that they gave notice."

2. In the bill of exceptions error is assigned on "the judgment of the court directing a verdict," because "the same is contrary to law and the evidence." In support of their contention, counsel for the plaintiff in error insist in their brief that "no proof [was] made as to the market value of the cake at the time and place when it should have been delivered." In the trial of the case the plaintiff confined his claim and his proof of damages to the invoice value of the goods plus the freight which he had prepaid, and it does not appear from the record that the defendant made in any way in the trial court the point that the plaintiff had chosen an incorrect measure for his damages   This point was raised for the first time by counsel for the plaintiff in error in their brief filed in this court. The writ of certiorari lies for the correction of errors committed by the trial court. Accordingly, this court will not consider any question not passed upon by the trial court but raised for the first time in the briefs of counsel for plaintiff in error filed in this court. *Masters v. Southern Express Co.*, 23 *Ga. App.* 642 (99 S. E. 144); *Davis v. Town of Gibson*, 24 *Ga. App.* 814 (102 S. E. 466), and citations; *Fox v. State*, 150 *Ga.* 673 (104 S. E. 631).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*