## JOHNSON *v.* THE STATE.

1. The ruling of the Court of Appeals in *Powell* v. *State*, 25 *Ga. App.* 329 (5) (103 S. E. 174), is correct.
2. Where a defendant is convicted of the offense of shooting at another, and the jury fixes his sentence at three years, it is not error to overrule a motion to arrest the judgment on the ground that the verdict does not fix a maximum and minimum sentence. Giving to the verdict a reasonable intendment and construction (Civil Code of 1910, § 5927), it is equivalent to one fixing the maximum and minimum punishment at three years.

No. 3237. JANUARY 22, 1923.

The Court of Appeals (in Case No. 13434) requested instruction from the Supreme Court upon the following questions, a determination of which is necessary for the decision of this case:

1. Is the ruling of this court correct in *Powell* v. *State, 25 Ga. App.* 329 (5), wherein it is held, in effect, that a verdict which prescribes the same term of imprisonment as the maximum and minimum terms is a proper verdict under the " indeterminate-sentence act " of 1919 (Ga. L. 1919, p. 387)?

2. Where a defendant is convicted of the offense of shooting at another, and the jury fixes his sentence at three years, is it error to overrule a motion to arrest the judgment, based upon the ground that the verdict " does not fix a maximum and minimum sentence as required by law "?

*M. L. Harris,* for plaintiff in error.

*J. M. Lang, solicitor-general,* contra.

HINES, J. The Act of Aug. 18, 1919 (Ga. Laws 1919, p. 387), provides " that the jury in their verdict, on the trial of all cases of felony not punishable by life imprisonment, shall prescribe a minimum and a maximum term, which shall be within the minimum and maximum prescribed by law as the punishment for said crime. Under this law, can the jury fix the same term of imprisonment as the minimum and maximum term? The statute does not declare that the minimum and maximum terms shall be different. All the statute requires is that the jury " shall prescribe a minimum and maximum term, which shall be within the minimum and maximum prescribed by law." There is no express provision in this statute which prohibits the jury from fixing the same term as the minimum and maximum term; and when the jury so fixes the minimum and maximum term, we do not see how

it can be said that they have not complied with this law.  We do not think it is sound to hold that this construction of the statute would make it impossible to carry out the other provisions of the law, one of which is that " the Prison Commission shall fix rules by which said convict, after serving the minimum sentence, may be allowed to complete his term without the confines of the penitentiary upon complying with said rules." As there would be no uncompleted term under such a verdict, there would be no necessity for any rules in such a case; but in all cases where the minimum and maximum terms are different, the Prison Commission is to make rules governing the completion by the convict of his term outside of the confines of the penitentiary.

What defects will support a motion to set aside a judgment in a criminal case?  " The motion in arrest is narrow and restricted in its province, and attacks conclusions reached by court or jury, solely on the ground of illegality in form or substance, or because based upon insufficient pleadings or such as are upon their face bad." *Hay* v. *Collins,* 118 *Ga.* 243, 246 (44 S. E. 1002).  If the verdict is one which the jury can not legally render, a motion in arrest of judgment will lie.  *Wells* v. *State,* 116 *Ga.* 87 (42 S. E. 390) ; *Smith* v. *State,* 117 *Ga.* 16 (43 S. E. 440).  In the cases cited, the jury, trying the defendants who were charged with felonies, found them guilty of misdemeanors.  When the verdict rendered is so vague and uncertain that no legal judgment can be rendered thereon, a motion in arrest of judgment will lie.  *Smith* v. *State,* supra.  This question was before this court in *Loyd* v. *State,* 150 *Ga.* 803 (10) (105 S. E. 465).  The question was there raised in the defendant's motion for new trial.  This court held, that an instruction that the jury could fix the same term of imprisonment as a minimum and maximum term was not hurtful to the defendant, as the term fixed by the verdict was the minimum term fixed by the statute prescribing the punishment for the offense of which the defendant was convicted.  What this court did in that case was to uphold the verdict which fixed the same term as the maximum and minimum term of punishment.  If the instruction resulted in a verdict which was illegal or void, the defendant was hurt by it, and would have been entitled to have the verdict set aside and a new trial granted him, as he might not be convicted on another trial.  The instruction was held harmless,

because it did not result in any illegal or void verdict. In *Powell v. State, 25 Ga. App.* 329, the Court of Appeals, on May 12, 1920, passed upon this question; and decided that the jury could, under this statute, fix one term, within the limits of punishment prescribed by the statute under which the defendant was convicted, as the maximum and minimum term. We think that decision is sound; but whether sound or unsound, it became the law of the land. Since that decision of the Court of Appeals, judges have followed it, and juries have acted upon it, and fixed one term as the minimum and maximum term. Under these circumstances, only the most imperative considerations should move this court to overrule that decision of the Court of Appeals, and thus open the doors of the penitentiary to convicts already sentenced under such verdicts, and permit others, who have not served their sentences, to go unwhipped of justice.

We answer the first question of the Court of Appeals in the affirmative, and its second question in the negative.

*All the Justices concur.*