DECIDED OCTOBER 7, 1933.

23240. DAVIS *v.* THE STATE.

Decided October 7, 1933.

*E. S. Griffith, Carpenter & Ellis,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson,* contra.

MacIntyre, J. There was only one count in the indictment, which charged two grades of the offense of robbery, to wit, robbery by force and robbery by intimidation. Where the crime charged has two grades, a general verdict of guilty will be construed as finding the defendant guilty of the higher charge, and the proof should support a verdict for the higher grade. *Rivers* v. *State,* 46 *Ga. App.* 778 (169 S. E. 260) ; *Long* v. *State,* 12 *Ga.* 293. However, in the instant case, the judge stated, in a note to the motion for new trial, that "the only issue submitted by the court to the jury was whether or not the defendant was guilty of robbery by intimidation; the State abandoned robbery by force, and it was not submitted." The court, in effect, instructed the jury that if they should find the defendant guilty, their verdict should be for robbery by intimidation, with or without recommendation as for a misdemeanor. He further instructed the jury that the minimum and maximum punishment was from two to twenty years. The jury returned a verdict fixing the punishment at a maximum and minimum of two years, recommending that "this sentence be treated as a misdemeanor." The judge followed this recommendation. Under the facts stated above, the general verdict of guilty will be construed as meaning guilty of robbery by intimidation. *Hall* v. *State,* 43 *Ga. App.* 224 (158 S. E. 357).

There is no merit in the special grounds of the motion for a new trial. The evidence authorized the verdict, and for no reason assigned should the judgment be reversed.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*