## MERIWETHER *v.* THE STATE.

ATKINSON, Presiding Justice. 1. The only questions as to violations of the State and Federal constitutions are shown by the allegations of the plea in abatement and the special grounds of the motion for a new trial. They do not relate to the constitutionality of any State or Federal law, nor do they involve construction of any constitutional provision directly in question, and doubtful either under its own terms or under the decisions of the Supreme Court of the State or of the United States. *United States Fidelity & Guaranty Co.* v. *Edmondson,* 174 *Ga.* 895 (164 S. E. 773) ; *Howell* v. *State,* 153 *Ga.* 201 (111 S. E. 675) ; *Thompson* v. *State,* 174 *Ga.* 804 (164 S. E. 202) ; *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114 (99 S. E. 374).

2. "Verdicts are to have a reasonable intendment, and are to receive a reasonable construction." Code, § 27-2301. "Verdicts are to be construed in the light of the pleadings, the issues made by the evidence, and the charge ⌐ the court." *Swain* v. *Georgia Power & Light Co.,* 46 *Ga. App.* 704 (169 S. E. 249). Accordingly, where, as in the present case, one is tried on an indictment charging him with the offense of robbery by force and by intimidation, and after the evidence has been adduced the judge submits to the jury only the question whether the defendant

is guilty of the offense of robbery by intimidation, a general verdict of guilty will be construed as convicting the accused only of the lesser offense of robbery by intimidation. *Johnson* v. *State*, 121 *Ga.* 143 (48 S. E. 951); *Hall* v. *State*, 43 *Ga. App.* 224 (158 S. E. 357); *Davis* v. State, 47 *Ga. App.* 706 (171 S. E. 401). In such case, the defendant is not convicted of "a capital felony" within the meaning of the constitutional provision relating to jurisdiction of the Supreme Court (Code, § 2-3005), and the act of 1937 (Ga. L. 1937, p. 490; Code Ann. 1939 Supp., § 26-2502), providing that "Robbery by open force or violence shall be punished by death, unless the jury recommends mercy."

3. The character of the case is not such that, under the constitution, art. 6, sec. 2, par. 5 (Code § 2-3005), the Supreme Court has jurisdiction of the writ of error; but is such that the Court of Appeals has jurisdiction.

*Transferred to the Court of Appeals. All the Justices concur.*

No. 13097. MARCH 13, 1940.

*F. Joe Turner* and *W. Dewey Smith,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens,* and *Q. O. Arnold,* contra.