## 32574. LAMPKIN v. THE STATE.

MacINTYRE, P. J. Where there were two counts in the accusation, count 1 charging the offense of selling intoxicants, and count 2 charging the offense of possessing an excessive amount of tax-paid intoxicants, and where, "upon the call of the case, both the State and the defendant announced ready for trial, the defendant entered a plea of not guilty, a jury was chosen, sworn, and empaneled in the case, the State introduced evidence, and the defendant made a statement in the case, after which the Solicitor of the City Court of Eastman announced in open court that the State was abandoning count No. 2 of the accusation because there was only one pint of tax-paid bonded whisky involved," and the jury returned a verdict of "guilty on count 1," that verdict is not to be construed as a general verdict, impliedly finding the defendant not guilty on the second count, that count having been withdrawn. *Hall* v. *State*, 43 *Ga. App.* 224 (158 S. E. 357); *Guthas* v. *State*, 53 *Ga. App.* 362 (185 S. E. 837); *Davis* v. *State*, 47 *Ga. App.* 706 (171 S. E. 401). In these circumstances, it follows that no question of the verdict on count 1 being void for repugnancy is presented, and the court did not err in overruling the motion in arrest of judgment.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*

DECIDED JULY 14, 1949.

*A. Russell Ross*, for plaintiff in error.
*D. D. Smith, Solicitor*, contra.