### 46295. CROSS v. THE STATE.

EVANS, Judge. The defendant was indicted and tried for the offense of larceny. The jury returned a verdict as follows: "Guilty of Conspiracy and sentence him to 2 years." The appeal is from the judgment and sentence and also the overruling of a motion for new trial as amended. Error is enumerated as to: (1) The general grounds of the motion for new trial in that the verdict of the jury did not find him guilty of the offense with which he was charged but found him guilty of conspiracy. (2) The im-

proper admission in evidence of certain hearsay testimony in that the accused's right of confrontation was denied. (3) The judgment of the court is erroneous in sentencing him when he was acquitted rather than convicted of the offense with which he was charged. *Held:*

1. In all criminal cases the jury shall be the judges of the law and the facts "and shall give a general verdict of 'guilty' or 'not guilty.'" Constitution of 1945, Art. I, Sec. II, Par. I (*Code Ann.* § 2-201); *Code* § 27-2301. Our appellate courts have held that verdicts are to have a reasonable intendment and are to receive a reasonable construction, and are not to be voided unless from necessity. It has been held that verdicts should be construed in light of the pleadings and the issues as made by the evidence and the charge of the court. See *Barbour v. State,* 8 Ga. App. 27 (68 SE 458); *Mosley v. State,* 11 Ga. App. 1 (4) (74 SE 569); *Swain v. Ga. Power &c. Co.,* 46 Ga. App. 794 (169 SE 249); *Lawson v. State,* 52 Ga. App. 181 (1) (182 SE 820); *Meriwether v. State,* 189 Ga. 746 (2) (8 SE2d 72). Prior to the effective date of the new criminal code of Georgia (July 1, 1969) conspiracy to commit a crime was not a crime in and of itself, but it is now. New Criminal Code of Georgia, § 26-3201 (Ga. L. 1968, pp. 1249, 1335; 1969, pp. 857, 867).

2. What was the true intention of the jury here? It is clear that the jury intended conviction and punishment of something. But it was as to something not charged in the indictment nor of a lesser grade of the crime actually charged against him. The verdict returned was a mere nullity, and as stated in *Ezzard v. State,* 11 Ga. App. 30 (1) (74 SE 551), such verdict has the legal effect of an acquittal. See also *Couch v. State,* 28 Ga. 367; *Stephens v. State,* 56 Ga. 604; *Wells v. State,* 116 Ga. 87 (42 SE 390); *Smith v. State,* 117 Ga. 16 (43 SE 440). The proper procedure by the court should have been to refuse to receive the verdict, but having received it, the sentence based thereon is absolutely void.

3. The ruling in 2 above makes it unnecessary to pass upon the other errors enumerated in the motion for new trial.

*Judgment reversed. Quillian, J., concurs. Jordan, P. J., concurs specially.*

154

*Cook & Palmour, A. Cecil Palmour,* for appellant.

*Robert B. Adams, District Attorney,* for appellee.

Jordan, Presiding Judge, concurring specially. I concur in the judgment because we are bound by the authorities cited in the opinion, though I do not agree with the result. The defendant made no objection to the form of the verdict and indeed had the jury polled on the verdict. Under such circumstances, the defendant at most should be granted a new trial. Under the ruling here made he goes scot free.