## 71476. ROLLE v. THE STATE.
### (338 SE2d 519)

BANKE, Chief Judge.

The defendant was tried on a 2-count indictment charging him, in Count 1, with burglary and, in Count 2, with rape. The jury returned the following written verdict: "1. Breaking & Entering-guilty. 2. Guilty of rape." Interpreting this as a verdict of guilty on both counts, the trial judge sentenced the defendant to serve 12 years, concurrently, for each offense.

The victim testified that she awakened at about 5:00 a.m. on the date alleged in the indictment to find the defendant on top of her and in the process of inserting his penis into her vagina. She stated that she pushed the defendant off of her and onto her live-in boyfriend, who was asleep in the bed beside her. She and her boyfriend subsequently subdued the defendant and held him until the police arrived.

Later that day, it was discovered that the screen had been cut from the bathroom window.

The victim testified that she found a set of keys and a comb on her dresser after the incident and turned them over to Sergeant Slawter of the Savannah Police Department. Slawter testified that, as she was accompanying the defendant back to the jail from his arraignment hearing, she had these items in her possession, and that, upon noticing the keys, the defendant said to her, "Those are my keys; where did you get them?" Slawter testified that she then showed the defendant the comb, whereupon he said, "[T]hat's my comb, can I have it?"

Taking the stand in his own behalf, the defendant testified that he met the victim at a food store prior to the incident, came to her house at her invitation, knocked on the front door, and was let in by her 8-year-old son. He maintained that, as he was waiting for the victim to come out of her bedroom to meet him, he decided to use the bathroom and that he was attacked there without warning by the victim's boyfriend. He denied raping the victim and further denied that the keys and comb belonged to him. The victim's son took the stand in rebuttal and denied having let the defendant into the house. *Held*:

1. The defendant contends the trial court erred in allowing Sergeant Slawter to testify that he had claimed ownership of the keys and comb, without first holding a *Jackson v. Denno* hearing to determine the voluntariness of the statement. The trial court did in fact send the jury out before allowing this testimony, at which time the state's attorney summarized Slawter's expected testimony and argued that the admissions in question were spontaneous and "not in response to any kind of a question whatsoever . . ." Defense counsel did not seek at any time either to cross-examine Slawter or to question the defendant with regard to the circumstances surrounding the admissions but merely argued as follows: "I take this as an admission obtained by constraint or by fraud or by drunkenness, induced for the purpose or (sic) admission or propositions made with a view to a compromise and not proper evidence."

Pretermitting the issues of whether there was a sufficient *Jackson v. Denno* hearing and whether the evidence demanded a conclusion that the defendant's statements had been "elicited" from him in derogation of his constitutional rights (cf. *Williams v. State*, 249 Ga. 839, 842) (295 SE2d 74) (1982)), we hold that, the fact of the defendant's presence at the scene being undisputed, the alleged error must be considered harmless beyond a reasonable doubt; i.e., there is no reasonable possibility that the evidence in question contributed to the verdict. See generally *Schneble v. Florida*, 405 U. S. 427, 432 (92 SC 1056, 31 LE2d 340) (1972).

2. The trial court did not err in treating the jury's verdict of

guilty of "breaking and entering" as a finding of guilt on the burglary charge. "Our appellate courts have held that verdicts are to have a reasonable intendment and are to receive a reasonable construction, and are not to be voided unless from necessity. It has been held that verdicts should be construed in light of the pleadings and the issues as made by the evidence and the charge of the court. (Cits.)" *Cross v. State*, 124 Ga. App. 152, 153 (1) (183 SE2d 93) (1971). See generally OCGA § 17-9-40. Viewed in such context, the jury's verdict in this case cannot reasonably be interpreted as anything other than a finding of guilt on both counts of the indictment. "Furthermore, any objection to the reformation of the verdict is waived if not contemporaneously raised," (*Dansby v. State*, 165 Ga. App. 41, 42 (299 SE2d 579) (1983)); and no such objection was interposed in this case.

3. Prior to trial, the defendant filed a *Brady* motion requesting all potentially exculpatory materials in the possession of the state's attorney. On appeal, he contends that the trial court erred in failing to comply with his subsequent request that an in-camera inspection of the state's attorney's file be conducted to insure that no such exculpatory materials had been improperly withheld. See generally *Tribble v. State*, 248 Ga. 274, 276 (280 SE2d 352) (1981). In response to this enumeration of error, we have issued an order directing the trial court to conduct such an inspection; and the trial court has since done so, certifying in writing that the file contains no information materially favorable to the defendant, the non-disclosure of which prevented him from receiving a fair trial. "The inspection having been made, the conviction will not be reversed for failure of the court to conduct an in camera inspection. (Cit.)" *Carpenter v. State*, 252 Ga. 79 (2), 82 (310 SE2d 912) (1984). See also *Rose v. State*, 249 Ga. 628 (1), 629 (292 SE2d 678) (1982).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 27, 1985.

J. Clayton Culp, for appellant.
Spencer Lawton, Jr., District Attorney, for appellee.